■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL DURANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered April 17, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of robbing the complainant of his watch and two rings. Prior to his arrest, the defendant signalled to a passing police car, and indicated to the police

officers that he had just been robbed by five Rastafarians, and that he wished to search for his "friend". The defendant accompanied the police officers in their vehicle and came upon another police officer standing in the street, surrounded by a small group of people. As the police car came to a stop, the complainant pointed to the defendant, seated in the back seat of the car, and stated, "there he is, right there; that's the guy who just ripped me off". After directing the defendant to exit the vehicle, the police searched the back seat where he had been seated and recovered, *inter alia,* a ring and a watch. The police then ascertained what property had been taken from the complainant and directed him to draw a picture of that property. The complainant complied, drawing one of the rings he claimed had been taken. The defendant was thereafter arrested, and upon a search of his person, the police recovered an additional ring.

Prior to the trial, the People moved to preclude, as hearsay, the testimony of the arresting officer regarding the defendant's statements about being robbed and wanting to find his "friend". The court denied the motion. At the trial, the arresting officer admitted that the drawing the complainant had made was lost and that he did not remember giving it to anyone. The defendant now contends on appeal that he was denied a fair trial when the trial court, first, permitted the testimony of the arresting officer that no "friend" of the defendant had ever come down to the police precinct after the arrest, and second, denied his motion for an adverse instruction regarding the lost drawing. We disagree.

The arresting officer's testimony regarding the "friend's" failure to come to the police precinct was not prejudicial in light of the fact that no evidence was offered to prove that the friend had been *with* the defendant at the time he allegedly was robbed. The defendant's reliance on *People v Dawson* (50 NY2d 311) is misplaced since *no* defense witnesses testified at the trial, and, as such, no cross-examination of the "friend" regarding his failure to come forward with exculpatory information could be conducted. Nor did this testimony intimate that the defendant had failed to meet a burden of presenting this friend as a witness at trial, since the friend's role in the defendant's account of his own robbery was highly inconclusive and equivocal at best. In any event, any possibility that the evidence shifted the burden of proof was cured by the trial court's charge as to the People's burden, which charge is presumed to have been followed by the jury *(see, People v Berg,* 59 NY2d 294).

As to the lost drawing, although the arresting police officer's inadvertence is no excuse for the loss *(see, People v Haupt,* 71 NY2d 929, 939), neither is reversal warranted where, as here, the possibility that the defendant was prejudiced by the loss is remote *(see, People v Martinez,* 71 NY2d 937, 938).

The defendant's remaining contentions are not preserved for appellate review *(see,* CPL 470.05 [2]), and we decline to reach them in the exercise of our interest of justice jurisdiction. Thompson, J. P., Bracken, Sullivan and Santucci, JJ., concur.