■ The People of the State of New York, Respondent, v George Samuels, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered March 12, 1990, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of robbery in the first degree to robbery in the third degree, and vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing as to that count.

The gun allegedly used during the robbery was destroyed by the police before trial. No tests were performed on the gun prior to its destruction. Therefore, the defendant was fore-

closed from establishing that the gun was inoperable as an affirmative defense to the charge of robbery in the first degree.

A prosecutor has an obligation to preserve all evidence which may be subject to disclosure *(see, People v Kelly,* 62 NY2d 516, 520; *People v Saddy,* 84 AD2d 175). Thus, when the prosecutor fails to preserve potential evidence the court may fashion "an 'appropriate' response * * * to eliminate any prejudice to the defendant while protecting the interests of society" *(People v Kelly, supra,* at 520; *see also,* CPL 240.70 [1]; *People v Close,* 103 AD2d 970, 971). However, the remedy of dismissal should not be invoked where "less severe measures can rectify the harm done" *(People v Kelly, supra,* at 521). When the defendant is deprived of potentially valuable material for his affirmative defense as to a charge, and instructions to the jury cannot rectify the prejudice, it would be unfair to subject the defendant to a new trial on the charge.

Since the defendant in the present case was deprived of potentially valuable material as to an affirmative defense, he is entitled to an appropriate remedy. Because the defendant has already been convicted under a separate count of the indictment of robbery in the second degree arising out of the same transaction, we reduce the conviction of robbery in the first degree to robbery in the third degree inasmuch as instructions to the jury at a new trial would not rectify the prejudice.

We have considered the defendant's remaining contentions and find them to be without merit or unpreserved for appellate review, and we decline to examine them in the exercise of our interest of justice jurisdiction. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.