■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BAILEY, Appellant. [628 NYS2d 291] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered May 21, 1993, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly found that the police had probable cause to arrest the defendant. The hearing testimony reveals that, on the night of July 15, 1992, Police Officer Mark McCormick, an officer with more then five years of experience and who was familiar with narcotics, observed the defendant hand a small,

white packet described as a glassine envelope to another man in exchange for some United States currency in a location where narcotics were known to be sold. When the defendant saw the officer and his partner exit their motor vehicle, he attempted to flee. Officer McCormick apprehended the defendant after a brief chase. Officer McCormick then arrested the defendant and recovered five packets of cocaine labeled "one way" from the defendant's pocket. Under the totality of the circumstances of this case, there was sufficient information to lead a reasonable person who possessed the same expertise as Officer McCormick to conclude that a crime was being committed (see, People v McCray, 51 NY2d 594; People v McLeod, 161 AD2d 671; People v Zarzuela, 141 AD2d 788).

We do not agree with the defendant that an adverse inference charge was required due to the unavailability of a label that had been prepared by a chemist and that had been affixed to a sample of the cocaine that had been used for testing. The label was destroyed after the sample had been tested as part of the chemist's usual procedure following testing. We find that the possibility that the defendant was prejudiced by the loss is remote (see, People v Martinez, 71 NY2d 937; People v Durant, 185 AD2d 822; People v Riviere, 173 AD2d 871). The defendant was able to cross-examine the chemists who had performed the tests about their findings, and the defendant's contention that he could have challenged the chain of custody if the label had been available is merely speculative.

The defendant has not preserved for appellate review his contention that the People failed to prove that he knew that the cocaine in his possession weighed 500 milligrams or more (see, People v Gray, 86 NY2d 10; People v Hill, 85 NY2d 256; People v Logan, 74 NY2d 859; People v Okehoffurum, 201 AD2d 508). Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.