■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN CANNONIER, Appellant. [654 NYS2d 388] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 9, 1995, convicting him of robbery in the third degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In an attempt to steal a $20 bill from the complainant's shirt pocket, the defendant allegedly tore off the pocket, causing the money to fall. At trial, the People produced the shirt, which lacked the pocket, but did not produce the pocket itself.

While the prosecution is obligated to preserve discoverable evidence for inspection by the defense, the imposition of an appropriate sanction for failing to preserve such evidence is a matter within the sound discretion of the trial court (see, People v Kelly, 62 NY2d 516; People v Samuels, 185 AD2d 903). Contrary to the defendant's contentions, the court did not commit error by denying his request for an adverse inference charge with regard to the shirt pocket. Such a charge was unwarranted on the instant record as it is highly doubtful that the pocket was actually recovered or was ever in the People's possession (see, People v Carpenter, 187 AD2d 519). In any event, the People's alleged failure to preserve the shirt pocket resulted in no genuine prejudice to the defendant (see, People v

*Bailey,* 215 AD2d 676). Miller, J. P., Sullivan, Florio and Luciano, JJ., concur.