■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO MARINACCIO, Appellant. [747 NYS2d 555]

Following his 1996 arrest, inter alia, for driving while intoxicated (hereinafter DWI), the defendant remained in custody for 294 days pending trial. Upon his resulting 1997 felony DWI conviction, pursuant to his plea of guilty, the defendant was sentenced to "time served" (*see* Penal Law § 70.30 [3]), concurrent with five years' probation.

After the defendant was twice arrested in 2000 on charges, inter alia, of operating a motor vehicle while under the influence of alcohol or drugs, he entered into a plea agreement pursuant to which he received concurrent sentences of 1½ to 4½ years' imprisonment in satisfaction of the new charges. He also acknowledged violating the sentence of probation imposed in 1997, agreeing to be sentenced to a consecutive term of 1½ to 4½ years; the court subsequently reduced this consecutive sentence to 1⅓ to 4 years.

Contrary to the defendant's contention, the sentence on his 1997 felony conviction for driving while intoxicated was not illegal. In pronouncing sentence from the bench the court used the colloquial phrase "time served" plus five years' probation. While the defendant correctly notes that a sentence of six months is the maximum permissible jail term that may be combined with a sentence of five years probation (*see* Penal Law § 60.01 [2] [d]; *and* 65.00 [3] [a] [i]), the mere fact that he remained in custody in excess of six months before *sentencing* did not render the "time served" element of the sentence illegally excessive. While the court should have expressly imposed a sentence of six months in jail which was satisfied by the time the defendant had been held pending his conviction (*see* Penal Law § 70.30 [3]), that is the sentence that was effectively imposed. That the defendant served in excess of six months before his conviction does not retroactively render his sentence illegal. As such, the amended judgment entered upon his adjudication of violating his probation need not be disturbed.

The parties' remaining contentions are without merit or are not properly presented for appellate review. Florio, J.P., S. Miller, Crane and Mastro, JJ., concur.