■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS COLON, Appellant. [876 NYS2d 525]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered July 20, 2006, convicting him of rape in the first degree, burglary in the first degree, sexual abuse in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not deprived of his statutory right to a speedy trial. The court properly excluded from the time chargeable to the People the period in which the court was considering the People's motion to obtain blood samples from the defendant (*see* CPL 30.30 [4] [a]). Nor was the defendant deprived of his constitutional right to a speedy trial (*see People v Taranovich,* 37 NY2d 442, 445 [1975]).

The defendant's contention that the court improperly admitted into evidence photographs of a knife recovered from his apartment, which had been accidently destroyed, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, his argument is without merit. While the prosecution is obligated to preserve discoverable evidence for inspection by the defense, the imposition of an appropriate sanction for failing to preserve such evidence is a matter within the sound discretion of the trial court (*see People v Kelly,* 62 NY2d 516 [1984]; *People v Cannonier,* 236 AD2d 619 [1997]). The People's failure to preserve the knife resulted in no genuine prejudice to the defendant (*see People v Cannonier,* 236 AD2d 619 [1997]; *People v Bailey,* 215 AD2d 676 [1995]).

The defendant's contention that he was denied the effective assistance of counsel is without merit. "[W]hen reviewing claims

of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics. The performance of counsel must be viewed without the benefit of hindsight, and if counsel provided meaningful representation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirement will have been met" (*People v Butler*, 143 AD2d 140, 140-141 [1988]; *see People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Contrary to the defendant's contention, defense counsel delivered coherent opening and closing statements consistent with the defense theory, and effectively cross-examined the prosecution's witnesses in accordance with that theory. Under the circumstances, the defendant was afforded meaningful representation (*see People v Satterfield*, 66 NY2d at 799-800; *People v Cesario*, 157 AD2d 795, 796 [1990]).

The defendant contends that the Supreme Court should have precluded the testimony of a midwife called by the People because she was unqualified to render an expert opinion. However, given the education and employment history of the witness, who had been a midwife for 27 years and had received training in sexual assault forensic examination, the trial court providently exercised its discretion in permitting her to provide expert testimony (*see Matott v Ward*, 48 NY2d 455, 459 [1979]; *People v Lewis*, 16 AD3d 173 [2005]; *People v Morehouse*, 5 AD3d 925, 928 [2004]).

The sentence imposed was not excessive. Contrary to the defendant's contention, the trial court legally imposed consecutive sentences for his convictions of rape in the first degree and sexual abuse in the first degree, as each count involved a separate sexual act constituting a distinct offense (*see People v Gersten*, 280 AD2d 487, 487-488 [2001]; *People v White*, 261 AD2d 653, 657-658 [1999]; *People v Rivera*, 186 AD2d 594, 596 [1992]; Penal Law § 70.25). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.