■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA E. CONLEY, Appellant. [897 NYS2d 135]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered September 17, 2008, convicting her of resisting arrest, obstructing governmental administration in the second degree, and disorderly conduct, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A prosecutor has an obligation to preserve all evidence which may be subject to disclosure (*see People v James*, 93 NY2d 620, 644 [1999]; *People v Kelly*, 62 NY2d 516, 520 [1984]; *People v Colon*, 61 AD3d 772 [2009]; *People v Cannonier*, 236 AD2d 619 [1997]; *People v Samuels*, 185 AD2d 903, 904 [1992]). Thus, when the prosecutor fails to preserve potential evidence the court may fashion "an 'appropriate' response . . . to eliminate any prejudice to the defendant while protecting the interests of society" (*People v Kelly*, 62 NY2d at 520, quoting CPL 240.70 [1]; *see People v Colon*, 61 AD3d at 772; *People v Cannonier*, 236 AD2d at 619; *People v Samuels*, 185 AD2d at 904). However, the remedy of dismissal should not be invoked where "less severe measures can rectify the harm done" (*People v Kelly*, 62 NY2d at 521). Here, the trial court providently exercised its discretion in giving the jury an adverse inference charge with respect to an unpreserved video recording.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an

independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the sentence imposed was not illegal. In pronouncing sentence from the bench on the convictions of resisting arrest and obstructing governmental administration in the second degree, the court stated that it was sentencing the defendant "to the time you have served as well as three years probation," using the phrase "time served" in its colloquial, rather than any technical legal, sense. While the defendant correctly asserts that a sentence of 60 days is the maximum permissible jail term for a misdemeanor that may be combined with a sentence of three years' probation (*see* Penal Law § 60.01 [2] [d]; § 65.00 [3] [b] [i]; *People v Marinaccio*, 297 AD2d 754, 755 [2002]), the mere fact that she had been in custody for a period in excess of 60 days before sentencing did not render the sentence illegally excessive. While the court should have expressly imposed a sentence of 60 days' imprisonment, which was satisfied by the "time served" by the defendant pending her conviction (*see* Penal Law § 70.30 [3]; *People v Marinaccio*, 297 AD2d at 755), 60 days' imprisonment was the sentence that was effectively imposed. The fact that the defendant served a period in excess of 60 days before her conviction did not render her sentence illegal (*see People v Marinaccio*, 297 AD2d at 755). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.