■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP S. CORTESE, Appellant. [913 NYS2d 383]—

Spain, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered December 22, 2008, upon a verdict convicting defendant of the crime of criminal contempt in the second degree (two counts), and (2) from a judgment of said court, rendered December 17, 2009, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant and his wife (hereinafter the victim), the parents of two sons, were in the process of divorcing when, in January 2008, Family Court, St. Lawrence County issued a stay-away order of protection. The order directed defendant to stay away from the victim's home (except when dropping off the children) and place of employment and, among other things, refrain from "assault, stalking, aggravated harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats or any criminal offense against [the victim]." On March 29, 2008, while that order of protection was in effect, defendant was arrested following confrontations with the victim inside and then outside of the police station in the Village of Massena, St. Lawrence County. After a jury trial, defendant was convicted of two counts of criminal contempt in the second degree and sentenced in December 2008 to three years of probation for each conviction and to time served, to run concurrently. Defendant now appeals that judgment.

In June 2009, defendant was charged with violating the conditions of probation by having pleaded guilty to disorderly conduct in May 2009, failing to contact the local mental health clinic or to attend the local offender accountability program, and other misconduct. After a hearing, County Court found that defendant had violated two conditions of probation, revoked his probation and imposed consecutive one-year jail terms for each of his underlying 2008 second degree criminal contempt convictions. Defendant now also appeals from that judgment revoking his probation and imposing the jail sentence. We affirm both judgments.

Initially, defendant argues that the weight of the credible evidence failed to establish that he acted with the requisite intent to disobey the January 2008 order of protection as prescribed in that order and instead asserts that he engaged in verbal confrontations with the victim in order to protect his children and mother from her. As a different verdict would not have been unreasonable, we have weighed the conflicting testimonial

accounts of what transpired and independently assess the inferences to be drawn (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *see also People v Romero*, 7 NY3d 633, 643 [2006]).

Viewing the evidence in a neutral light, the testimony of the victim and police officers at the scene fully supports the finding that, having been served with the order of protection, defendant engaged in aggressive conduct and yelled threatening and profane language at the victim, in the police station and then again outside in the parking lot, requiring police intervention in both incidents. Defendant's intent to disobey that order by intimidating and threatening the victim is readily inferrable from his conduct (*see* Penal Law § 15.05 [1]; *People v Foster*, 52 AD3d 957, 958-959 [2008], *lv denied* 11 NY3d 788 [2008]). The victim's account was verified by the police officers, any minor inconsistencies were not material to the charges and, to a great extent, their account was confirmed by defendant's witnesses. Defendant's contrary testimony suggestive of his innocent intent was neither particularly believable nor corroborated by other witnesses. As such, the jury's resolution of the witnesses' respective credibility should be accorded great deference (*see People v Portee*, 56 AD3d 947, 949 [2008], *lv denied* 12 NY3d 820 [2009]), and we find that its verdict was supported by the weight of the credible evidence that he intentionally violated the order of protection in both locations (*see* Penal Law § 215.50 [3]).

Defendant's claims of prosecutorial misconduct during the jury trial are unpreserved for our review, as no objections were raised before County Court (*see People v Henry*, 64 AD3d 804, 806 [2009], *lv denied* 13 NY3d 860 [2009]). Given that a review of the cited errors fails to disclose that any of them operated to deprive defendant of due process or a fair trial, we decline to take corrective action in the interest of justice (*see* CPL 470.15 [3] [c]; *see also People v Weber*, 40 AD3d 1267, 1268 [2007], *lv denied* 9 NY3d 927 [2007]). Likewise, and contrary to his claim, defendant received meaningful representation (*see People v Henry*, 95 NY2d 563, 565-566 [2000]). The record discloses that counsel made appropriate pretrial motions and objections at trial, vigorously cross-examined witnesses and, despite defendant's decision to testify against the advice of counsel, presented a viable defense that resulted in his acquittal of one of the higher counts. To the extent that defendant's contentions are premised on counsel's failure to object to instances of claimed prosecutorial misconduct, we are not persuaded given the lack of pervasive, flagrant or prejudicial misconduct (*see People v Dickson*, 58 AD3d 1016, 1018 [2009], *lv denied* 12 NY3d 852

[2009]; *People v Weber*, 40 AD3d at 1268). We note only that the prosecutor properly inquired, in a limited fashion, into defendant's prior relationship with the Massena Police Department and any known motive for the officers to provide a false account of the incidents that would incriminate defendant, given defendant's contrary testimony, and the burden was never shifted to defendant to explain their possible motive (*see People v Allen*, 13 AD3d 892, 897-898 [2004], *lv denied* 4 NY3d 883 [2005]; *People v Overlee*, 236 AD2d 133, 138-141 [1997], *lv denied* 91 NY2d 976 [1998]).

With regard to his sentence upon his convictions, defendant contends that County Court violated Penal Law § 60.01 (2) (d) by imposing a sentence of probation in addition to and concurrently with "time served," which had totaled 86 days of custody prior to sentencing. Defendant is correct that this statute authorizes a court to impose a split sentence of up to 60 days in jail for a misdemeanor, as here (or six months for a felony), together with a term of probation (Penal Law § 60.01 [2] [d]; *see People v Zephrin*, 14 NY3d 296, 299-300 [2010]), which together cannot exceed the authorized term of probation—here, three years (*see* Penal Law § 65.00 [3] [b] [i]). We agree with the reasoning of the Second Department, however, that "the mere fact that [a defendant] had been in custody for a period in excess of 60 days before sentencing did not render the sentence [to time served plus three years of probation] illegally excessive" (*People v Conley*, 70 AD3d 961, 962 [2010], *lv denied* 14 NY3d 886 [2010]). In our view, County Court was using the phrase "time served" in its colloquial rather than technical sense, and should more accurately have expressly imposed a sentence of 60 days of imprisonment which was satisfied by the "time served" by defendant (86 days) while awaiting conviction and sentencing, combined with three years of probation; accordingly, we find that this is the sentence that was effectively imposed (*see id.*; *People v Marinaccio*, 297 AD2d 754, 755 [2002], *lv denied* 99 NY2d 560 [2002]). That defendant had served in excess of the maximum 60 days in jail before being convicted did not preclude imposition of the split sentence authorized by Penal Law § 60.01 (2) (d) and § 65.00 (3) (b) (i) (i.e., 60 days in prison and three years of probation, concurrent). Thus, we find that the three-year term of probation imposed was proper and ran concurrently with the 60-day jail sentence (which was satisfied by defendant's time served).*

Finally, turning to the sentence imposed for violating proba-

---

* We note that defendant's concurrent sentence was imposed on December 22, 2008 and both the jail sentence (60 days) and the probationary terms

tion, we are not persuaded that County Court's December 2009 revocation of his probation and sentence of consecutive one-year jail terms is harsh or excessive. The record reflects that when the court imposed probation as part of his sentence in December 2008 for his criminal contempt convictions, it took into consideration defendant's mental health problems, efforts to improve his life and desire to resume a relationship with his sons, and took a leap of faith—against the recommendation of the Probation Department—in giving him an opportunity to complete supervised probation in lieu of a lengthy sentence. However, in June 2009, defendant was charged with multiple, serious instances of violating probation and making threats against several individuals and, after a hearing, the court determined that he had done so, by (1) his guilty plea to disorderly conduct in satisfaction of charges related to an incident in January 2009, and (2) his failure to cooperate with a program for domestic violence offenders recommended by the Probation Department. While defendant was awaiting sentence on these violations, he was arrested and charged with violating an order of protection in favor of another woman and threatening a man in her company.

The record as a whole reflects defendant's history of refusing to comply with court orders, probation officers' directions and probation conditions, his ongoing threatening and uncooperative behavior, and his failure to take responsibility for his actions or to successfully address his underlying problems. Thus, we are not convinced that County Court abused its discretion in concluding that probation had not and would not work for defendant and in imposing maximum consecutive one-year jail terms. While closely related in time, the incidents inside the police station and out in the parking lot were separate and distinct. Accordingly, consecutive sentences were proper (*see* Penal Law § 70.25 [2]; *People v Parks*, 95 NY2d 811, 814-815 [2000]).

Defendant's remaining claims have been reviewed and determined to lack merit.

Peters, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgments are affirmed.

(three years) are reduced by the time served prior to conviction of *60 days*, not 86 days as County Court stated, as the term of probation can only be reduced by time-served credit equal to the sentence of incarceration (*see People v Zephrin*, 14 NY3d at 300-301). Thus, defendant's probationary term should have been set to expire on October 23, 2011 (not September 27, 2011). Given defendant's violation of that probation in 2009 and subsequent revocation and resentencing, that issue is moot.