*700 OPINION OF THE COURT
Ellen M. Yacknin, J.
Introduction
Defendant Mark A. Chambers was charged with the crime of promoting prison contraband in the second degree. Defendant subsequently accepted the People’s offer to allow him to plead guilty to the violation of unlawful possession of marihuana with a “time served” sentence to satisfy the criminal charge. He now moves, pursuant to Criminal Procedure Law § 440.20, to set aside his “time served” sentence on the ground that the sentence was unlawful.
Background
On January 6, 2011, defendant Mark A. Chambers was arraigned for promoting prison contraband in the second degree, a class A misdemeanor under Penal Law § 205.20 (2). The charge stemmed from an allegation that defendant possessed marihuana while he was confined to Monroe County Jail in Rochester, New York on December 21, 2010. At defendant’s arraignment, the court set bail at $500.
When he appeared in court on February 1, 2011, defendant was still in custody on the charge. At that appearance, defendant accepted the People’s offer to plead guilty to unlawful possession of marihuana, a violation under Penal Law § 221.05, with a sentence of “time served,” to satisfy the outstanding criminal charge. On February 1, 2011, in accordance with the People’s offer, the court accepted defendant’s guilty plea to unlawful possession of marihuana, sentenced him to “time served,” directed that the $120 mandatory surcharge be reduced to a judgment, and released defendant to his own recognizance. On May 10, 2011, defendant filed a motion to set aside his “time served” sentence pursuant to Criminal Procedure Law § 440.20. Legal Discussion
Defendant contends that his “time served” sentence is unlawful because the court had no authority to impose a jail sentence on defendant for a conviction for unlawful possession of marihuana. His analysis is straightforward.
As defendant points out, New York State law does not permit a jail sentence for a conviction of unlawful possession of marihuana under Penal Law § 221.05 unless the defendant was previously convicted of at least two illegal controlled substances or marihuana related offenses under Penal Law articles 220 or 221 within the previous three years. Although his criminal his *701 tory is extensive, defendant rightly asserts that his record includes no illegal drug or marihuana offenses within the three years preceding his February 1, 2011 conviction. Therefore, defendant argues, the court was not legally allowed to sentence defendant to a term of jail for his unlawful possession of marihuana conviction, and consequently, the court’s imposition of the “time served” sentence is unlawful.
Defendant’s argument is logical on its face. However, because it relies on a misapprehension of the court’s sentence, defendant’s analysis is flawed.
A “time served” sentence is not a technical sentence that is explicitly found or defined in New York’s statutory provisions. Rather, it is a colloquial, shorthand term that is used by courts throughout New York State when imposing a lawful sentence that is deemed to be satisfied by a defendant’s previous incarceration. (See People v Cortese, 79 AD3d 1281, 1284 [3d Dept 2010], lv denied 16 NY3d 857 [2011]; People v Conley, 70 AD3d 961, 962 [2d Dept 2010], lv denied 14 NY3d 886 [2010]; People v Marinaccio, 297 AD2d 754, 755 [2d Dept 2002], lv denied 99 NY2d 560 [2002].)
Under these circumstances, the court’s use of the colloquialism “time served” did not render defendant’s sentence unlawful. Instead, in defendant’s case, the court’s “time served” phraseology was merely the court’s abbreviated articulation of the lawful sentence of “conditional discharge that was satisfied by the period of time the defendant was held in custody while he was awaiting conviction and sentencing.” (See People v Cortese, 79 AD3d at 1284; People v Conley, 70 AD3d at 962.)
Defendant argues, however, that because he could not have received a jail sentence, it was improper to allow his lawful conditional discharge sentence to be satisfied by the time he spent in jail prior to his conviction. This argument is without merit. It is neither unlawful nor unprecedented for a defendant who faces criminal charges to spend more time in jail prior to his or her conviction for a reduced charge than the maximum jail time to which he or she could have been sentenced on the reduced charge. (See People v Cortese, 79 AD3d at 1284 [the fact that defendant served more time in custody than the time to which he could have been sentenced did not render his sentence illegal]; People v Conley, 70 AD3d at 962; People v Marinaccio, 297 AD2d at 755.)
For example, it is both lawful and common for a defendant who has been in custody for more than 15 days while facing *702 felony or misdemeanor charges to receive a “time served” sentence for a conviction on a violation to satisfy the original charges, even though a sentence of more than 15 days for a violation is illegal. As discussed above, although expressed as a “time served” sentence, the technically proper sentence for such a conviction is “15 days of imprisonment that was satisfied by the period of time defendant was held in custody while he was awaiting conviction and sentencing.”
There is no legal or rational distinction between the satisfaction of a lawful jail sentence by a defendant’s service of more than the legally allowable time in jail and the satisfaction of a lawful conditional discharge sentence by a defendant’s service of time in jail that would not otherwise have been permitted. Accordingly, the fact that the court permitted defendant’s lawful conditional discharge sentence to be satisfied by the time he spent in jail pending his conviction and sentence does not retroactively convert defendant’s otherwise lawful sentence into an illegal sentence. (See People v Marinaccio, 297 AD2d at 755.)
The court is nonetheless cognizant that the authorities who calculate defendant’s jail time credit may be confused by the court’s February 1, 2011 imposition of a “time served” sentence on defendant.* For this reason, the court clarifies defendant’s February 1, 2011 “time served” sentence to explain that the technically appropriate sentence the court imposed on defendant was conditional discharge to be satisfied by the time that defendant was held in custody prior to his conviction and sentencing on his conviction for the reduced charge of unlawful possession of marihuana.
Conclusion
For the reasons discussed above, defendant’s February 1, 2011 sentence is clarified as set forth above, but his motion to set aside his sentence as illegal is denied. The proper vehicle for challenging any jail time credit calculations that defendant believes are improper is a petition under article 78 of the Civil Practice Law and Rules. (See People v Scantleberry, 103 AD2d 758 [2d Dept 1984].)

 Such confusion may exist, in part, as a consequence of the Rochester City Court Clerk’s April 27, 2011 and May 17, 2011 letters to Groveland Correctional Facility that erroneously stated that the court sentenced defendant to 30 days in jail on February 1, 2011. The court’s May 19, 2011 letter to Groveland Correctional Facility advised the facility of the court’s actual “time served” sentence.