12-2046-cr
*United States v. Allen*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# AMENDED SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of April, two thousand and thirteen.

PRESENT:

>RALPH K. WINTER,
>JOSÉ A. CABRANES,
>CHESTER J. STRAUB,
>
>*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                             No. 12-2046-cr

THOMAS MICHAEL ALLEN,

*Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Molly Corbett, Paul Evangelista, *for* Lisa A. Peebles, Federal Public Defender, Albany, NY. |
| **FOR APPELLEE:** | Paul D. Silver, Richard D. Bellis, *for* Richard S. Hartunian, United States District Attorney for |

1

the Northern District of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that case is **REMANDED**, with instructions, for further proceedings consistent with this order.

Defendant-appellant Thomas Michael Allen, who was previously convicted of third-degree rape in New York in 2010, pleaded guilty in 2012 to violating certain travel and registration conditions, applicable to him because of that prior sex offense, in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). In particular, following his 2010 conviction, Allen moved to Maryland without notifying New York authorities, and he then failed to register as a sex offender with Maryland authorities. Consistent with the recommendation filed by the probation office in the Presentencing Report ("PSR"), the District Court calculated an offense level of 12, criminal history category of IV, and resulting Guidelines range of 21 to 27 months in prison, followed by a term of supervised release between 5 years and life. The Court sentenced Allen to a prison term of 27 months, followed by supervised release for the duration of his life.

On appeal, Allen raises two arguments. First, Allen argues that the District Court erred by concluding that his failure to comply with sex-offender-registration conditions is a "sex offense" within the meaning of § 5D1.2 of the Guidelines, and the accompanying commentary note 1, which defines that term. The government concedes error on this issue, arguing that "[w]hat constitutes a sex offense is set forth in application note 1 to § 5D1.2(b), and does not include a SORNA violation." Appellee's Br. at 13. Second, Allen asserts that the District Court erred in its calculation of the Guidelines by adding a criminal-history point for his prior conviction in New York on two counts of disorderly conduct. We assume the parties' familiarity with the facts and procedural history of this case.

## DISCUSSION

We review a district court's sentencing decision for an "abuse of discretion." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and alteration omitted). Accordingly, a district court abuses its discretion if it commits a "significant procedural error, such as failing to

2

calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We review *de novo* a district court's interpretation and legal application of the Guidelines. *See United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011). Errors that do not affect substantial rights are considered harmless. *See* FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

**A.**

Allen argues that the District Court erred by considering his offense to be a "sex offense" within the meaning of § 5D1.2(b)(2) of the Guidelines, which provides that "the length of the term of supervised release shall be not less than the minimum term of years specified for the offense under subdivisions (a)(1) through (3) and may be up to life, if the offense is . . . a sex offense." U.S.S.G. § 5D1.2(b)(2). As relevant here, the first application note to this section of the Guidelines defines a sex offense as follows:

> "Sex offense" means (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 109B of such title; (iii) chapter 110 of such title, not including a recordkeeping offense; (iv) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; (v) an offense under 18 U.S.C. § 1201; or (vi) an offense under 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (vi) of this note.

U.S.S.G. § 5D1.2(b)(2), cmt. n. 1. The parties agree that Allen's violation of the travel and registration conditions imposed by 18 U.S.C. § 2250(a) is not a "sex offense" under this definition.

Because Allen failed to timely object to the application of this Guidelines provision, our review is for "plain error." *See United States v. Reyes*, 691 F.3d 453, 457 (2d Cir. 2012). "Plain error exists where (1) the district court committed error; (2) the error is plain; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). We are not bound by the parties' conclusions, even if in agreement, regarding the proper interpretation of the Guidelines. *See generally Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991). Moreover, "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993); *see also, e.g.*, *United States v. Walker*, 595 F.3d 441, 445 (2d Cir. 2010) (same).

We previously decided in a nonprecedential order that a violation of the travel and registration conditions imposed by 18 U.S.C. § 2250(a) does not count as a "sex offense" under § 5D1.2(b)(2) of the Guidelines, and that a district court's contrary calculation of the Guidelines constituted "plain error." *See United States v. Herbert*, 428 Fed. App'x 37, 39 (2d Cir. 2011) (summary order). Though not bound by this prior decision, *see United States v. Wagner-Dano*, 679 F.3d 83, 91 n.7 (2d Cir. 2012), we agree with its conclusion. The application note to § 5D1.2(b)(2) defines a "sex offense" as encompassing only offenses "perpetrated against a minor." U.S.S.G. § 5D1.2(b)(2), application note 1. Sex-registration requirements facilitate the safety of minors, but a violation of those requirements plainly does not count as an offense "perpetrated against a minor" within the meaning of § 5D1.2(b)(2). Accordingly, we remand the case to the District Court with instructions to recalculate the relevant Guidelines range and, if appropriate, impose a new sentence with respect to supervised release.

**B.**

Allen also disputes the criminal-history point applied by the District Court based on his prior sentence of "time served" after spending 34 days in jail. In particular, Allen argues that this sentence should be excluded under § 4A1.2(c)(1) of the Guidelines because it was a petty offense where the maximum sentence imposed was not at least 30 days. Disorderly conduct charges carry a maximum jail sentence of 15 days under New York law. *See* N.Y. Penal Law §§ 70.15(4), 240.20.[1] The Government argues that because Allen spent at least 30 days in jail, his sentence for "time served" qualifies as a 30-day sentence.

A sentencing range under the Guidelines, now advisory under the teaching of *United States v. Booker*, 543 U.S. 220 (2005), depends in part on a sentencing court's calculation of a defendant's "criminal history category." U.S.S.G. § 4A1.1. As relevant here, the Guidelines instruct the sentencing court to "[a]dd 1 point for each prior sentence" of less than 60 days "up to a total of 4 points for this subsection," *id.* § 4A1.1(c), but prior sentences for certain misdemeanors and petty offenses "are counted only if (A) *the sentence was* a term of probation of more than one year or *a term of imprisonment of at least thirty days*, or (B) the prior offense was similar to an instant offense," *id.* § 4A1.2(c)(1) (emphases added). The Guidelines further explain that "[t]he term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed," *id.* § 4A1.2(b)(1), and that "[i]f part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended," *id.* § 4A1.2(b)(2).

---

[1] New York Penal Law § 70.15(4) provides: "Violation. A sentence of imprisonment for a violation shall be a definite sentence. When such a sentence is imposed the term shall be fixed by the court, and shall not exceed fifteen days." New York Penal Law § 240.20 provides, in relevant part: "Disorderly conduct is a violation."

The Guidelines also specify how to count sentences that were "imposed on the same day" based on multiple charges. *Id.* § 4A1.2(a)(2). In this event, the Guidelines instruct the district court to "use the longest sentence of imprisonment if concurrent sentences were imposed," or, "[i]f consecutive sentences were imposed, use the aggregate sentence of imprisonment." *Id.*

In this case, the PSR explains that Allen was sentenced on May 6, 2009, to "time served (34 days)" on two counts of "Disorderly Conduct (Violation)," stemming from an incident where Allen—in the presence of his dad, fifteen-year-old brother, and police officers—"became violent and began damaging property within reach . . . and menaced his father with a broken wooden chair leg." PSR ¶ 29. *Id.* The PSR further explains that "[w]hen advised he would be arrested, [Allen] fled the scene on foot and had to be pursued by police and tackled to the ground . . . [and] continued to resist arrest." *Id.*

Generally, a sentence of "time served" is treated "as an unambiguous pronouncement of a specific term of imprisonment—the amount of time actually served." *United States v. D'Oliverira*, 402 F.3d 130, 132 (2d Cir. 2005). New York cases, however, make clear that a sentence of "time served" does not exceed the statutory maximum, even if a defendant has spent more than the relevant number of days in pretrial detention. *See, e.g.*, *People v. Cortese*, 79 A.D.3d 1281, 1284 (3d Dep't 2010).

Allen's two counts of disorderly conduct in 2009 warranted maximum jail terms of 15-days each.[2] *See* note 1, *ante*. Because these 15-day terms are, by themselves, less than 30 days each, the District Court would then have had to decide whether the New York court had imposed those sentences concurrently or consecutively, *see* U.S.S.G. § 4A1.2(a)(2)—an issue that the New York court had no reason to consider in light of Allen having spent 34 days in jail. In other words, § 4A1.2(a)(2) of the Guidelines assumes the existence of a (here, nonexistent) state-court determination regarding whether the two sentences were concurrent or consecutive. We presume Guidelines ambiguities of this sort in favor of a defendant, *see United States v. Simpson*, 319 F.3d 81, 86–87 (2d Cir. 2002), and therefore we must remand to the District Court to recalculate Allen's Guidelines range and reconsider his sentence without adding a criminal-history point for his prior convictions on May 6, 2009.

---

[2] The PSR also notes that "[p]olice records indicate the defendant also pled guilty to Endangering the Welfare of a Child (Misdemeanor) and Criminal Possession of a Weapon 4th (Misdemeanor)" and was sentenced to time served on the former count and an adjournment in contemplation of dismissal on the latter count. *Id.* On appeal, the government does not mention, much less defend the judgment, on the basis of this information.

## CONCLUSION

For these reasons, the case is **REMANDED** with the following instructions: The District Court should, consistent with this order, recalculate the relevant Guidelines ranges with respect to Allen's terms of imprisonment and supervised release, and, if appropriate, impose new terms of imprisonment and supervised release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk