13-42-ag
*Trunov v. Holder*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand fourteen.

PRESENT:  DENNIS JACOBS,
            CHESTER J. STRAUB,
            SUSAN L. CARNEY,
                        *Circuit Judges.*
_____

ANDREY NIKOLAEVICH TRUNOV,
            *Petitioner*,

            v.                                                13-42-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
            *Respondent.*
_____

**FOR PETITIONER:**                    MICHAEL DELORETO, L.A.R. 46.1(e) and ROBERT LORFINK, L.A.R. 46.1(e)  (Rachel Godsil and Jon Romberg, *on the brief*), Seton Hall University School of Law Center for Social Justice, Newark, NJ.

**FOR RESPONDENT:**                    SABATINO F. LEO, Trial Attorney (Stuart F. Delery, Assistant Attorney General and Ernesto H. Molina, Jr., Assistant Director *on the brief*), United States Department of Justice, Washington, DC.


Petition for review of a decision of the Board of Immigration Appeals ("BIA").

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**, the decision of the BIA is **VACATED**, and the case is **REMANDED** for proceedings consistent with this order.

This is an immigration case about the phrase "confined, as a result of conviction."  Under 8 U.S.C. § 1101(f)(7), a person who is "confined, as a result of conviction" for 180 days or more within a certain timeframe is precluded from establishing his good moral character.

Petitioner Andrey Trunov was arrested and spent 167 days in jail before pleading guilty to Third Degree Menacing, N.Y. PENAL LAW § 120.15.  He was sentenced to "time served" – effectively the mandatory maximum sentence of 90 days under New York law.  *See People v. Cortese*, 79 A.D.3d 1281, 1284 (3d Dep't

2010); *People v. Conley*, 70 A.D.3d 961, 962 (2d Dep't 2010); *People v. Marinaccio*, 297 A.D.2d 754, 755 (2d Dep't 2002).[1]

Because of prior time in confinement, the sentence for Menacing put Trunov above the 180 day mark. The catch is that the sentence was later reduced. The new sentence, if counted for purposes of § 1101(f)(7), would put Trunov under the 180 day threshold.

The BIA concluded that the sentencing modification did not affect § 1101(f)(7) and that Trunov was therefore precluded from establishing his good moral character. We **GRANT** the petition for review, **VACATE** the BIA's decision, and **REMAND** the cause to the BIA for proceedings consistent with this order. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"While the BIA's interpretation of immigration statutes is generally entitled to *Chevron* deference, interpretations in non-precedential unpublished BIA decisions, as in the instant case, are not so entitled." *Varughese v. Holder*, 629 F.3d 272, 274 (2d Cir. 2010) (per curiam).

The BIA has previously encountered the issue of how to handle modified or vacated legal rulings. Sometimes immigration consequences turn on the existence of a conviction. *See, e.g.*, 8 U.S.C. § 1227(a)(2)(A). When a conviction is vacated "solely to aid [an alien] in avoiding immigration consequences" and not because of "any procedural or substantive defect in the original conviction," the original conviction is still considered valid for immigration purposes. *Saleh v. Gonzales*, 495

---

[1] We need not address whether or to what extent the original sentence was improper.

F.3d 17, 19 (2d Cir. 2007); *see also In re Pickering*, 23 I. & N. Dec. 621, 624-25 (B.I.A. 2003).

Other times, immigration consequences turn on the sentence that was ordered. *See* 8 U.S.C. §§ 1101(f)(8), 1101(a)(43)(G). When a sentence is modified, the BIA has credited the newer sentence regardless of the motivations behind the change. *In re Cota-Vargas*, 23 I. & N. Dec. 849, 850-53 (B.I.A. 2005).

The Government argues that "it is the length of confinement and not sentence length that matters" for purposes of § 1101(f)(7). Resp't's Br. 21. The validity of that argument may turn on how the BIA construes the five words in the statute after "confinement": "confine[ment], as a result of conviction." There is a substantial question as to whether someone can be "confined, as a result of conviction" other than pursuant to a sentence. In other words, how is a sentence not a necessary component of § 1101(f)(7)?

The BIA stated that it would not credit the modification because Trunov served 90 days "pursuant to a then existing lawful sentence." It is unclear how or whether this reasoning can be reconciled with *Cota-Vargas*, *supra*, in which there was a "then existing lawful sentence," but the BIA credited only the newer sentence nonetheless.

When dealing with a non-precedential BIA decision, we have often remanded so "the BIA [can] by published opinion interpret a statute it is charged with enforcing." *Dobrova v. Holder*, 607 F.3d 297, 300 (2d Cir. 2010); *see also Jian Hui Shao v. BIA*, 465 F.3d 497, 502-03 (2d Cir. 2006). We will do so here. One of the many reasons for this procedure is that "any effort expended by us interpreting the statute would be for nought should the BIA subsequently reach a different, yet

4

reasonable, interpretation." *Jian Hui Shao*, 465 F.3d at 502; *see also Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 116-17 (2d Cir. 2006) (setting forth numerous factors).

For the foregoing reasons, we **GRANT** the petition for review, **VACATE** the BIA's decision, and **REMAND** the cause to the BIA for proceedings consistent with this order. On remand, the BIA may also consider the Immigration Judge's alternative bases for denying relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court