*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 17, 2014                    106067
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

LUIS F. ALEMAN JR.,
                    Appellant.
_____

Calendar Date:  June 9, 2014

Before:  Lahtinen, J.P., McCarthy, Garry, Egan Jr. and Clark, JJ.

_____

        G. Scott Walling, Queensbury, for appellant.

        James A. Murphy III, District Attorney, Ballston Spa (Ann
C. Sullivan of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered May 17, 2012, convicting defendant
upon his plea of guilty of the crimes of grand larceny in the
fourth degree and identity theft in the second degree.

        Defendant pleaded guilty to grand larceny in the fourth
degree and identity theft in the second degree in satisfaction of
a pending indictment, and waived his right to appeal.  County
Court imposed the agreed-upon sentence, namely, one year in jail
upon the grand larceny conviction to be followed by five years of
probation upon the identity theft conviction.  Defendant now
appeals.

        The People correctly agree with defendant's contention that
a split sentence of one year in jail for a felony in addition to
five years of probation is illegal (see Penal Law §§ 60.01 [2]

[d]; 65.00 [1] [b]; People v Zephrin, 14 NY3d 296, 299-300 [2010]; People v Cortese, 79 AD3d 1281, 1284 [2010], lv denied 16 NY3d 857 [2011]). Contrary to the parties' further arguments, however, this error does not affect the propriety of the sentence in this case. Defendant had already served a year in jail when he pleaded guilty, and County Court stressed that the jail sentence amounted to time served. While County Court should "have expressly imposed a sentence of six months in jail which was satisfied by the time the defendant had been held pending his conviction," its sentence amounted to one of time served that did "not retroactively render [defendant's] sentence illegal" (People v Marinaccio, 297 AD2d 754, 755 [2002], lv denied 99 NY2d 560 [2002]; see People v Cortese, 79 AD3d at 1284; People v Conley, 70 AD3d 961, 962 [2010], lv denied 14 NY3d 886 [2010]; see e.g. People v Watson, 20 NY3d 182, 190 n 4 [2012]).

That being said, defendant's "term of probation [must run] together with the term of imprisonment, not to exceed five years," and the imposition of agreed-upon consecutive sentences was illegal (People v Zephrin, 14 NY3d at 301). We accordingly modify the judgment to direct that defendant's sentences run concurrently although, in that regard, we stress that defendant's term of probation may only be reduced by a time-served credit of six months, representing the maximum permissible jail sentence (People v Zephrin, 14 NY3d at 301; cf. People v Cortese, 79 AD3d at 1284 n).

Lahtinen, J.P., McCarthy, Garry, Egan Jr. and Clark, JJ., concur.

        ORDERED that the judgment is modified, on the law, by
directing that defendant's sentences shall run concurrently
rather than consecutively, and, as so modified, affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court