█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS F. ALEMAN, Appellant. [990 NYS2d 416]—

Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered May 17, 2012, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree and identity theft in the second degree.

Defendant pleaded guilty to grand larceny in the fourth degree and identity theft in the second degree in satisfaction of a pending indictment, and waived his right to appeal. County Court imposed the agreed-upon sentence, namely, one year in jail upon the grand larceny conviction and five years of probation upon the identity theft conviction. Defendant now appeals.

The People correctly agree with defendant's contention that a split sentence of one year in jail for a felony in addition to five years of probation is generally illegal (*see* Penal Law §§ 60.01 [2] [d]; 65.00 [2]; *People v Zephrin*, 14 NY3d 296, 299-300 [2010]; *see also People v Cortese*, 79 AD3d 1281, 1284 [2010], *lv denied* 16 NY3d 857 [2011]). Contrary to the parties' further arguments, however, this error does not affect the propriety of the sentence in this case. Defendant had already served a year in jail when he pleaded guilty, and County Court stressed that the jail sentence was for time served. While County Court should "have expressly imposed a sentence of six months in jail which was satisfied by the time the defendant had been held pending his conviction," its sentence amounted to one of time served that did "not retroactively render [defendant's] sentence illegal" (*People v Marinaccio*, 297 AD2d 754, 755 [2002], *lv denied* 99 NY2d 560 [2002]; *see People v Cortese*, 79 AD3d at 1284; *People v Conley*, 70 AD3d 961, 962 [2010], *lv denied* 14 NY3d 886 [2010]; *see e.g. People v Watson*, 20 NY3d 182, 190 n 4 [2012]).

Lahtinen, J.P., McCarthy, Garry, Egan Jr. and Clark, JJ., concur. Ordered that the judgment is affirmed.