People v Creech (2018 NY Slip Op 07201)





People v Creech


2018 NY Slip Op 07201


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

108685

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
WILLIAM H. CREECH, Appellant.

Calendar Date: September 5, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered May 24, 2016, upon a verdict convicting defendant of the crimes of criminal contempt in the second degree, harassment in the first degree and reckless driving.
In April 2015, defendant was arrested for allegedly violating an order of protection in favor of his wife (hereinafter the victim) when he drove his vehicle in a menacing manner near the vehicle that she was driving. Following a jury trial, defendant was convicted of criminal contempt in the second degree, harassment in the first degree and reckless driving. County Court imposed a split sentence of time served and three years of probation for his conviction of criminal contempt in the second degree and unconditional discharges on his convictions of harassment in the first degree and reckless driving. County Court also issued full stay-away and no contact orders of protection in favor of the victim and defendant's three children. Defendant now appeals.
Defendant argues that the verdict was against the weight of the evidence. When undertaking a weight of the evidence review, we must "first determine whether, based on all the credible evidence, a different finding would not have been unreasonable and then weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Cole, 162 AD3d 1219, 1223 [2018] [internal quotation marks and citations omitted]). When conducting this review, we consider the evidence in a neutral light and defer to the jury's credibility assessments (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Cortese, 79 AD3d 1281, 1282-1283 [2010], lv denied 16 NY3d 857 [2011]).
To convict defendant of criminal contempt in the second degree, the People were required to prove that defendant intentionally disobeyed or resisted the lawful process or a mandate of a court that did not involve or grow out of a labor dispute (see Penal Law § 215.50 [*2][3]). To secure a conviction of harassment in the first degree, the People were required to prove that defendant "intentionally and repeatedly harasse[d] another person by following such person in or about a public place or places or by engaging in a course of conduct or by repeatedly committing acts which place[d] such person in reasonable fear of physical injury" (Penal Law § 240.25). A conviction for reckless driving requires proof that defendant drove a motor vehicle "in a manner [that] unreasonably interfere[d] with the free and proper use of the public highway, or unreasonably endanger[ed] users of the public highway" (Vehicle and Traffic Law § 1212).
The evidence at trial established that there was an order of protection issued in January 2013, which remained in effect at the time of the April 2015 incident, that required defendant to refrain from, among other things, harassing, intimidating, threatening or committing any criminal offense against the victim. The testimony at trial by the victim, her daughter and the victim's boyfriend was that, while the victim was driving, defendant followed closely behind and repeatedly swerved to both the passenger and driver sides of the victim's car on two separate occasions during the same day. All three witnesses testified that they were afraid and believed that defendant's conduct would cause an accident. A police officer testified that the area where the witnesses alleged this occurred was heavily trafficked. The victim explained that her fear was enhanced because defendant had been aggressive and abusive in the past. Although defendant did not testify, there was testimony that, when asked, he explained that he was simply trying to pass the victim because he was afraid that she would claim that he was following her.
In our view, an acquittal would not have been unreasonable because the jury could have credited the evidence of defendant's explanation and, as defendant argues, discredited certain inconsistent testimony given by the victim, her boyfriend and her daughter. These inconsistencies were, however, fully explored during the trial (see People v Richardson, 155 AD3d 1099, 1103 [2017]). When we view the evidence in a neutral light, we find that a rational jury could conclude, based on defendant's conduct, that he intentionally violated the order of protection by driving so closely and aggressively near the victim's vehicle on a heavily trafficked road thus constituting criminal contempt in the second degree (see People v Richardson, 155 AD3d at 1102-1103; People v Cortese, 79 AD3d at 1283). Similarly, and with the requisite deference to the jury's credibility assessments, we are satisfied that the verdict for harassment in the first degree and for reckless driving was not against the weight of the evidence.
Defendant also challenges County Court's sentencing determination. The maximum term of incarceration that can be imposed for criminal contempt in the second degree — a class A misdemeanor — is one year (see Penal Law § 70.15 [1]). The court was permitted to impose a split sentence of up to 60 days in jail in addition to a term of probation for a misdemeanor, provided that, together, the term did not exceed the authorized term of probation (see Penal Law § 60.01 [2] [d]; People v Cortese, 79 AD3d at 1284). Here, such authorized probation term was three years (see Penal Law § 65.00 [3] [b] [i]). Although defendant had been in custody for more than 60 days at sentencing, the court was authorized to impose the split sentence of "time-served" in addition to the term of probation (see People v Cortese, 79 AD3d at 1284; People v Marinaccio, 297 AD2d 754, 755 [2002], lv denied 99 NY2d 560 [2002]). The People correctly concede, however, that defendant was entitled to a credit of 60 days against the three-year term of probation (see People v Zephrin, 14 NY3d 296, 301 [2010]; People v Cortese, 79 AD3d at n). Defendant's equal protection challenge to the sentence was not preserved for review (see People v Brewster, 161 AD3d 1309, 1310 [2018]; People v Cesar, 131 AD3d 223, 226-227 [2015]).
Finally, County Court's determination to issue orders of protection in favor of his children, who reside with the victim, was not an abuse of discretion (see CPL 530.12 [5]; People v
Yu-Jen Chang, 92 AD3d 1132, 1136 [2012]).
McCarthy, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED the judgment is modified, on the law, by reducing the term of probation by 60 days, and, as so modified, affirmed.