People v Colon (2020 NY Slip Op 07217)





People v Colon


2020 NY Slip Op 07217


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2017-00613
 (Ind. No. 2518/03)

[*1]The People of the State of New York, respondent,
v
Dennis Colon, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant. 
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (James P. Sullivan, J.), dated November 23, 2016, which denied, without a hearing, his motion pursuant to CPL 440.20 to set aside a sentence of the same court imposed July 20, 2006, as amended July 26, 2006, upon his convictions of burglary in the first degree, rape in the first degree, sexual abuse in the first degree, and assault in the second degree, upon a jury verdict.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to modify the periods of postrelease supervision imposed upon the convictions of sexual abuse in the first degree and assault in the second degree, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Kings County, for the imposition of an appropriate period of postrelease supervision in accordance herewith.
In 2006, the defendant was convicted of burglary in the first degree, rape in the first degree, sexual abuse in the first degree, and assault in the second degree. The defendant was sentenced to 25 years of imprisonment and 3 years of postrelease supervision upon his conviction of burglary in the first degree, 25 years of imprisonment and 5 years of postrelease supervision upon his conviction of rape in the first degree, 5 years of imprisonment and 5 years of postrelease supervision upon his conviction of sexual abuse in the first degree, and 5 years of imprisonment and 5 years of postrelease supervision upon his conviction of assault in the second degree. The sentences imposed upon the convictions of burglary in the first degree, rape in the first degree, and assault in
the second degree were to run concurrently with each other. The sentence imposed upon the conviction of sexual abuse in the first degree was to run consecutively to the sentences imposed upon the convictions of burglary in the first degree and rape in the first degree. We affirmed the judgment on the defendant's direct appeal (People v Colon, 61 AD3d 772, 772). In 2016, the defendant moved pursuant to CPL 440.20 to set aside his sentence. By order dated November 23, 2016, the Supreme Court denied the motion, and we granted leave to appeal.
A court "must deny" a motion pursuant to CPL 440.20 "when the ground or issue raised thereupon was previously determined on the merits upon an appeal from the judgment or sentence, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue" (CPL 440.20[2]). We disagree with the Supreme Court's determination that the defendant was procedurally barred from arguing that the sentence imposed upon the conviction of sexual abuse in the first degree was required to run concurrently with [*2]the sentences imposed upon the convictions of burglary in the first degree and rape in the first degree because each of those sentences was required to run concurrently with the sentence imposed upon the conviction of assault in the second degree (see People v Boykins, 161 AD3d 183, 185-186; People v Baker, 85 AD3d 935, 935-936). This issue is distinct from the issue previously determined on the merits by this Court that "the trial court legally imposed consecutive sentences for his convictions of rape in the first degree and sexual abuse in the first degree, as each count involved a separate sexual act constituting a distinct offense" (People v Colon, 61 AD3d at 773). Since the record before this Court is sufficient to determine the subject issue, we need not remit the matter to the Supreme Court to do so (see People v Neely, 219 AD2d 444, 446).
Although the sentences imposed upon the convictions of sexual abuse in the first degree, robbery in the first degree, and rape in the first degree were each required to run concurrently with the sentence imposed upon his conviction of assault in the second degree, as each of those convictions could have served as the predicate felony for the assault in the second degree conviction (see Penal Law §§ 70.25[2]; 120.05[6]; People v Parks, 95 NY2d 811, 814-815), the defendant's contention that the sentence imposed upon the conviction of sexual abuse in the first degree was then also required to run concurrently with the sentences imposed upon the convictions of burglary in the first degree and rape in the first degree is without merit (see People v Ennis, 139 AD3d 505, 506; People v Riley, 309 AD2d 879, 880-881; People v Mebert, 194 AD2d 809, 810).
However, as the People concede, the periods of postrelease supervision imposed upon the convictions of sexual abuse in the first degree and assault in the second degree exceed the statutorily authorized maximum terms of 1½ to 3 years for those offenses (see Penal Law § 70.45[2][e]). Accordingly, we vacate the periods of postrelease supervision imposed upon the convictions of sexual abuse in the first degree and assault in the second degree and remit the matter to the Supreme Court, Kings County, for the imposition of appropriate periods of postrelease supervision on these counts in accordance with Penal Law § 70.45(2)(e).
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court