12-2578-cr
United States v. Warren

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand thirteen.

PRESENT:   RALPH K. WINTER,
           REENA RAGGI,
                 *Circuit Judges*,
           BRIAN M. COGAN,
                 *District Judge.*[*]
--------------------------------------------------------------------
UNITED STATES OF AMERICA,
                 *Appellee*,

           v.                                              No. 12-2578-cr

SILFORD WARREN,
                 *Defendant-Appellant*.
--------------------------------------------------------------------

------------------------

[*] The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:           Gail Gray, Esq., New York, New York.

FOR APPELLEE:            Kathryn Keneally, Assistant Attorney General, Frank P. Cihlar, Chief, Criminal Appeals & Tax Enforcement Policy Division, Gregory Victor David, Mark S. Determan, Attorneys, Tax Division, Department of Justice; Loretta E. Lynch, United States Attorney for the Eastern District of New York, New York, New York, *of counsel.*

Appeal from the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal of the judgment entered on June 12, 2012, is DISMISSED.

Silford Warren, who stands convicted of failing to collect and pay his employees' payroll taxes, see 26 U.S.C. § 7202, appeals his 24-month within-Guidelines prison sentence as procedurally unreasonable. Warren submits that his appeal is not foreclosed by his plea-agreement promise not to challenge a prison sentence of 27 months or below because (1) prior to his guilty plea, the district court amended and revised the plea agreement to afford him an unqualified right to appeal his sentence, and even if it did not, (2) such a waiver does not preclude appeal from a sentence imposed on the basis of constitutionally impermissible factors. See United States v. Jacobson, 15 F.3d 19, 22–23 (2d Cir. 1994). Neither argument has merit.

2

1. <u>District Court's Advice of Right To Appeal</u>

The plea allocution record, viewed in its entirety, does not support Warren's argument that statements by the district court led him to plead guilty with the expectation that he would have an unqualified right to appeal his sentence. <u>See</u> <u>United States v. Monzon</u>, 359 F.3d 110, 116 (2d Cir. 2004) ("Where the record clearly demonstrates that the defendant's waiver of her right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable."); <u>cf.</u> <u>United States v. Vaval</u>, 404 F.3d 144, 152 (2d Cir. 2005) (observing in related context of interpreting plea agreement that "court must look to what the parties to the plea agreement reasonably understood to be the terms of the agreement" (internal quotation marks omitted)); <u>United States v. Maher</u>, 108 F.3d 1513, 1524 (2d Cir. 1997) (holding harmless deficiency in court's explanation of offenses charged, "for the record as a whole reveals that each defendant plainly understood the nature of the charges against him"); Fed. R. Crim. P. 11(h) advisory committee note (1983) (calling Rule 11 error in plea allocution harmless where "some essential element of the crime was not mentioned, but the defendant's responses clearly indicate his awareness of that element").

Two statements by the district court warrant mention. The first was made in the context of advising Warren of the consequences of surrendering his right to trial: "There will be no trial in this case. There will be no appeal on the question of whether you did or did not commit this crime. <u>The only thing you could appeal would be if you thought I did not properly follow the law in sentencing you</u>." Tr. 28 (emphasis added). Soon thereafter,

3

however, the district court inquired as to whether Warren's guilty plea was pursuant to any agreement. The prosecutor, defense counsel, and Warren himself confirmed that it was. Indeed, Warren acknowledged that he had reviewed the agreement with his counsel and understood its terms. The prosecutor then accurately read into the record certain provisions of the agreement, including Warren's promise not to appeal or otherwise to challenge an imposed sentence of 27 months or below. In these circumstances, no defendant could reasonably have understood the district court's earlier highlighted statement to have absolved him from the appellate waiver condition of his plea agreement.

The second statement at issue was made at the conclusion of the district court's explanation to Warren of the sentencing consequences of a guilty plea: "If I sentence you differently from what the lawyers or anyone else has estimated or predicted, you would still be bound by your guilty plea. You could not take back your guilty plea. If after I impose sentence you or your attorney think I have not properly followed the law in sentencing you, you can appeal your sentence to a higher court." Tr. 36 (emphasis added). To be sure, it would have been preferable for the district court, by then aware of the appellate waiver provision of the plea agreement, not to have employed what appears to have been its standard advice as to appeal, but to have clarified that any such appeal was limited by the terms of the plea agreement.[2] No matter. The prosecution promptly ensured against any possible

_____

[2] The district court made such an effort at Warren's sentencing, when it told him he had "the right to appeal the sentence pursuant to the plea agreement." Sent. Tr. 35 (emphasis

4

misunderstanding by reiterating the waiver condition:

> Your Honor, I would just note that the allocution on the waiver of the right to appeal is slightly limited by the terms of the plea agreement. That the defendant only has the right to appeal, if the court were to sentence him to a term of imprisonment of greater than 27 months. If it were anything less than 27 months, the defendant would give up that right to appeal.

Id. at 37.

Thus, the record provides no support for Warren's claim that he pleaded guilty thinking that the district court had absolved him from the appellate waiver provision of his plea agreement.

2.      Sentence Challenge

We have indicated that in "extraordinary circumstances," such as when a sentence is infected by "racial bias" or such arbitrariness as to amount to "an abdication of judicial responsibility," we may excuse a defendant from a plea agreement waiver of appeal. United States v. Yemitan, 70 F.3d 746, 748 (2d Cir. 1995); see United States v. Jacobson, 15 F.3d at 22–23. Such cases are "few in kind and sporadic in frequency." United States v. Gomez-Perez, 215 F.3d 315, 319–20 (2d Cir. 2000) (upholding appellate waiver). This is not one of them.

---

added). Neither Warren nor his counsel then suggested that defendant had entered his guilty plea with an understanding that his right to appeal his sentence was unqualified by his plea agreement.

Insofar as Warren faults the sentencing judge for impermissibly allowing prior arrests not resulting in conviction to influence his sentence, his failure to voice this objection in the district court means that we review only for plain error. See United States v. Reyes, 691 F.3d 453, 457 (2d Cir. 2012).[3] Warren's claim fails at the first step of plain error analysis because the record shows that the district court neither explicitly nor implicitly based the challenged sentence on unproved arrest conduct. Cf. United States v. Juwa, 508 F.3d 694, 701 (2d Cir. 2007 (identifying procedural error in sentence enhancement based on unsubstantiated charges in indictment). Certainly, the arrests played no part in the district court's calculation of Warren's Guidelines range. Indeed, the district court referenced the arrests only once at sentencing, when it asked the prosecution if it agreed with defense counsel's assertion that Warren had a "pristine record." Sent. Tr. 19. When the prosecution indicated its agreement, the district court replied, "Okay, proceed," and thereafter made no further mention of arrests. Id. at 20–21.

To the extent Warren contends that references to domestic incidents in the arrest record prompted the district court to view him as a "violent misogynist," Appellant Br. 19–20, this is belied by the court's specific assurances to Warren at sentencing that the tax

---

[3] In his post-sentencing submission to the district court, Warren did not argue that consideration of these arrests was impermissible; he contended only that the district court had failed to consider positive aspects of his life in addition to his arrest history. See App. 103 ("While the court is not limited in the scope of what it may or may not consider under [18 U.S.C.] § 3553(a), it is problematic when a Court only considers what it deems to be aggravating factors without considering any mitigating factors.").

case was "not about your family whom you support," and whom the court assumed to be "wonderful" and "supportive." Sent. Tr. 33.[4] As for Warren's argument that there is "no . . . plausible explanation" for the challenged sentence, apart from his arrest record, Appellant's Br. 20, the record is to the contrary. Warren's sentence fell within the Guidelines for his tax crime of conviction. The district court repeatedly referenced the need for general deterrence of that sort of tax crime. See Sent. Tr. 26, 34 (noting voluntary nature of tax system and need "to discourage similarly situated bad actors who are considering stealing from the common fisc").

In sum, Warren fails to show any district court error in imposing the challenged sentence, much less error presenting the sort of extraordinary circumstances that would prompt us to excuse his waiver of appeal.

Accordingly, the appeal is DISMISSED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[4] The district court did refer to a domestic-incident arrest in denying Warren's subsequent motion for correction of sentence, but did so only in response to defendant's efforts to marshal his family circumstances in his favor.

7