10-1400-cr
United States v. Reyes

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————

August Term, 2011

(Argued: March 8, 2012        Decided: August 29, 2012)

Docket No. 10-1400-cr

————

UNITED STATES OF AMERICA,

*Appellee*,

–v.–

RAUL REYES, AKA RAOUL REYES, AKA RICO REYES, AKA PAUL REYES, AKA RAUL VASQUEZ REYES, AKA RAULI REYES, AKA JAIME COLON, AKA JAIME RODRIGUEZ,

*Defendant-Appellant*.

————

Before:

   KATZMANN, WESLEY, *Circuit Judges*, UNDERHILL, *District Judge*.[*]

   Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*), entered on April 12, 2010, pursuant to which the defendant-appellant was sentenced to a term of imprisonment of 188 months.

   VACATED and REMANDED.

---

   [*]The Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

MARY ANNE WIRTH, Bleakley Platt & Schmidt, LLP, White Plains, NY, *for Defendant-Appellant*.

JENNIFER E. BURNS, Assistant United States Attorney (Justin Anderson, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

PER CURIAM:

Defendant-Appellant Raul Reyes pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113. The district court sentenced Reyes as a "career offender" under United States Sentencing Guideline ("U.S.S.G." or "Guidelines") § 4B1.1(a). In doing so, however, the district court adopted inconsistent findings in the Probation Department's Presentence Report ("PSR") regarding Reyes's prior convictions. This case raises an issue of first impression in our Circuit-whether a district court may rely on a PSR's description of a defendant's pre-arrest conduct that culminated in a prior conviction to determine whether that prior conviction constitutes one for a "crime of violence" under U.S.S.G. § 4B1.2(a)(1), where the defendant makes no objection to the PSR's description. We

hold that it may not.  We therefore vacate the sentence imposed by the district court and remand for proceedings consistent with this opinion.

**Background**

The facts are largely undisputed. On July 28, 2008, Reyes robbed a bank in Manhattan.  After threatening an employee with what appeared to be an explosive device, Reyes absconded with approximately $14,000.  Without the benefit of a plea agreement, Reyes pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d).

Shortly before Reyes pleaded guilty, the government submitted a letter pursuant to *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991).  That letter outlined the government's position on the application of the Guidelines to Reyes's case.  As relevant here, the government stated that, in its view, Reyes was a "career offender" under U.S.S.G. § 4B1.1(a) because he had been convicted of two previous "crimes of violence"–battery on a law enforcement officer in violation of Florida Statute section 784.07, and robbery in violation of Florida Statute section 812.13.  As a "career offender" convicted of two prior crimes of violence and facing a charge that carried a

maximum of 25 years' imprisonment, Reyes would have his offense level elevated to level 34. Contemplating a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 and that Reyes would be placed in Criminal History Category VI, the government advocated for a Guidelines range of 188 to 235 months' imprisonment.

The Probation Department prepared a PSR in advance of Reyes's sentencing. The PSR begins by correctly summarizing the government's *Pimentel* letter and its conclusion that Reyes was a career offender under U.S.S.G. § 4B1.1. In paragraph 47 of the report, however, the PSR states inarticulately that Reyes was a career offender because he had "at least two prior felony convictions of either a crime of violence." PSR ¶ 47. Then, in paragraph 86, the PSR states that Reyes is a career offender under the Guidelines because he "has prior felony convictions involving a crime of violence and a controlled substance offense." PSR ¶ 86. The PSR later repeats this statement in its "recommendation" section.

Although the PSR never explicitly identifies the prior convictions on which it relies to classify Reyes as a career offender, it lists the following, among several other

convictions, in detailing Reyes's criminal history: (1) a January 2009 conviction in Puerto Rico for a "controlled substance offense"; (2) a May 2005 Florida conviction for robbery; and (3) a May 2005 Florida conviction for battery on a law enforcement officer. The PSR also provides a description of the conduct underlying Reyes's 2005 battery conviction. It states, "On March 19, 2004, the defendant was detained at Falkenburg Road Jail when he caused a disturbance in the pod. A detention deputy responded and spoke with the defendant. The defendant then struck the deputy in the nose with a closed fist." PSR ¶ 73. The PSR does not provide the source of this information.

On April 7, 2010, Reyes appeared before the district court for sentencing. In his sentencing memorandum, Reyes's counsel did not object to the facts contained in the PSR, the PSR's classification of Reyes as a career offender, or the PSR's calculation of the Guidelines range. Indeed, at the sentencing hearing, Reyes's counsel noted that he had "[n]o objections to the facts or the [G]uidelines calculations" set forth in the PSR. App. 47. In the absence of an objection, the district court accepted the PSR's findings, including those that contained inaccuracies

and inconsistencies regarding which crimes served as predicates for the career offender enhancement.

The government noted that Reyes had a "very long and very violent criminal history" and highlighted for the district court a number of Reyes's prior offenses, including both his 2005 robbery conviction and his 2005 conviction for battery on a law enforcement officer. App. 50. The district court then sentenced Reyes to 188 months' incarceration. The court characterized Reyes's "very lengthy and very violent criminal history" as the "driving force" behind the sentence. App. 52. The district court did not, however, specifically discuss Reyes's status as a career offender.

Reyes timely appealed the district court's judgment. In January 2011, Reyes filed an appellate brief in this Court. In his brief, he claims that the district court committed plain error in adopting the PSR's conclusions regarding his status as a career offender under U.S.S.G. § 4B1.1. Specifically, he argues that (1) he does not have a prior conviction for a controlled substance offense that counts towards his classification as a career offender; (2) under the Supreme Court's decision in *Johnson v. United*

*States*, 130 S. Ct. 1265 (2010), a Florida battery conviction does not necessarily constitute a "crime of violence"; and (3) there was insufficient evidence in the record to determine whether his particular battery conviction constituted a conviction for a "crime of violence." In support of the latter point, Reyes contends that the district court was not entitled to rely on the PSR's uncontested description of his pre-arrest conduct that resulted in his conviction for battery of a law enforcement officer to determine whether the battery was a "crime of violence." He notes that this Court left open that question in *United States v. Rosa*, 507 F.3d 142, 156 (2d Cir. 2007).

In April 2011, the government moved to remand for resentencing in light of *Johnson*. A panel of this Court rebuffed the government's request. The panel directed the government to file a brief addressing

> (1) whether Reyes's failure to object to the facts contained in his [PSR] describing the offense conduct underlying his prior conviction for battery of a law enforcement officer constituted an admission of those facts; (2) whether a sentencing court may use such an admission to find that a prior offense constitutes a 'crime of violence' under U.S.S.G. § 4B1.2(a)(1); and (3) if so, whether the district court committed plain error in adopting the PSR's conclusion that Reyes qualified as a career offender.

*United States v. Reyes*, No. 10-1400-cr (2d Cir. Aug. 2, 2011) (motion order).  Following our directive, the government argues that vacatur of Reyes's sentence is inappropriate and that his sentence should be affirmed.

**Discussion**

Because Reyes failed to object below to his classification as a career offender under U.S.S.G. § 4B1.1, we review his classification as such for plain error only. *See United States v. Morris*, 350 F.3d 32, 36 (2d Cir. 2003). Plain error exists where (1) the district court committed error; (2) the error is plain; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the "fairness, integrity or public reputation of judicial proceedings." *United States v. Greer*, 631 F.3d 608, 612 (2d Cir. 2011).

Pursuant to U.S.S.G. § 4B1.1(a), a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior convictions of either a crime of violence or a controlled substance offense.

As is relevant here, the Guidelines define a "crime of violence" as an offense punishable by imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The "crime of violence" convictions must be sustained prior to the defendant committing the offense for which he is being sentenced. U.S.S.G. § 4B1.2(c).

Here, the district court committed an error that was plain-it adopted findings in the PSR that conclude that Reyes is a career offender because he has convictions for both a crime of violence and a controlled substance offense. PSR ¶ 86. Reyes sustained the controlled substance offense *after* he committed the instant offense. Therefore, that conviction was not a proper predicate offense for the application of the career offender enhancement. *See* U.S.S.G. § 4B1.2(c).

But to prevail on plain error review, Reyes must do more than show that the district court committed an obvious error. He must further demonstrate that the error affected his "substantial rights"-i.e., that it "affected the outcome of the district court proceedings." *United States v.*

*Marcus*, 628 F.3d 36, 42 (2d Cir. 2010) (internal quotation marks omitted).  That decision turns on whether Reyes's 2005 Florida conviction for battery on a law enforcement officer constitutes a conviction for a "crime of violence" under the Guidelines.  And that inquiry is determined by whether a sentencing court may rely on a PSR's uncontested description of Reyes's pre-arrest conduct that resulted in his prior conviction for battery on a law enforcement officer to decide that the prior conviction is one for a "crime of violence" under U.S.S.G. § 4B1.2(a)(1).  We hold that it may not.

Florida Statute section 784.07 criminalizes battery committed on a law enforcement officer.  In Florida, battery occurs when a person (1) "[a]ctually and intentionally touches . . . another person against the will of the other"; (2) "intentionally . . . strikes another person against the will of the other"; or (3) "[i]ntentionally causes bodily harm to another person."  Fla. Stat. § 784.03(1)(a).  The slightest unwanted intentional physical contact constitutes battery under Florida law.  *Johnson*, 130 S. Ct. at 1269-70 (citing *State v. Hearns*, 961 So.2d 211, 218 (Fla. 2007)).  Therefore, battery on a law enforcement officer, if

accomplished only by "actually and intentionally touch[ing]," does not constitute a "crime of violence" under U.S.S.G. § 4B1.2 because it does not involve the "use of physical force," as that phrase is interpreted by the Supreme Court. *Id.* at 1269-73.[1]

To ascertain whether Reyes's conviction for battery on a law enforcement officer constitutes a conviction for a "crime of violence," we employ a two-step "modified categorical approach." *See Walker*, 595 F.3d at 443; *United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008). The first step requires the court to determine "whether the statute of the prior conviction criminalizes conduct that falls exclusively" within the Guidelines' definition of "crime of violence." *See Savage*, 542 F.3d at 964. If so, the inquiry ends. But if the statute of conviction also criminalizes conduct that does not fall within the

---

[1]*Johnson* dealt with sentence enhancements under the Armed Career Criminal Act ("ACCA"). The ACCA's definition of "violent felony" is identical in all material respects to U.S.S.G § 4B1.2(a)'s definition of "crime of violence." *See United States v. Walker*, 595 F.3d 441, 443 n.1 (2d Cir. 2010); *United States v. Palmer*, 68 F.3d 52, 55 (2d Cir. 1995). Therefore, cases interpreting the ACCA's definition of "violent felony" are highly persuasive in interpreting the Guidelines' definition of "crime of violence." *Walker*, 595 F.3d at 443 n.1. Many of the cases cited in this opinion deal with the ACCA, not the Guidelines.

Guidelines' definition of a "crime of violence," the government must demonstrate that the conviction "necessarily" rested on facts identifying the conviction as one for a "crime of violence." *Walker*, 595 F.3d at 444 (internal quotation marks omitted).

When a court is required to look beyond the statutory definition of a prior offense to determine whether it constitutes a "crime of violence," its inquiry is circumscribed. Generally, a sentencing court must limit itself "to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005); *see Johnson*, 130 S. Ct. at 1273. This general limitation on the sentencing court's inquiry is driven by U.S.S.G. § 4B1.1(a)'s focus on the defendant's prior conviction, rather than the conduct underlying the conviction, as well as a need to avoid collateral trials. *See Taylor v. United States*, 495 U.S. 575, 600-01 (1990) (analyzing nearly identical language in the ACCA); *see also Shepard*, 544 U.S. at 23 (same). "[T]he critical issue is whether the judicial record of the

defendant's prior conviction establishes that his guilty plea 'necessarily admitted [facts demonstrating that his conviction was for a crime of violence].'" *United States v. Baker*, 665 F.3d 51, 56 (2d Cir. 2012) (quoting *Shepard*, 544 U.S. at 26) (brackets in original).

The problem here is that the government submitted no evidence demonstrating that Reyes's conviction for battery on a law enforcement officer under Florida Statute section 784.07 necessarily rested on anything but the slightest unwanted physical contact. The government admits as much, but seeks safe harbor in the defendant's failure to object to the PSR's description of Reyes's pre-arrest conduct that culminated in his conviction for battery of a law enforcement officer. The PSR states–without providing the source of its information–that Reyes struck a detention deputy in the face with a closed fist while incarcerated at the Falkenburg Road Jail in Florida. The government argues that because Reyes failed to object to that description, he admitted facts that establish that his battery offense involved the use of "physical force" and thus constituted a "crime of violence" under U.S.S.G. § 4B1.2(a).

As a general matter, reliance on a federal PSR's factual description of a defendant's pre-arrest conduct to determine whether a prior offense constitutes a "crime of violence" under U.S.S.G. § 4B1.2(a)(1) is prohibited. *See Rosa*, 507 F.3d at 156; *Palmer*, 68 F.3d at 59. This is because "a current presentence report prepared for a sentencing court presented with the enhancement issue would ordinarily be a surrogate for the elaborate factfinding process regarding the defendant's prior offenses that was criticized in *Taylor*." *Palmer*, 68 F.3d at 59 (internal quotation marks omitted) (emphasis removed). However, in *United States v. Rosa*, this Court left open the question of whether "a sentencing court may look to a PSR prepared for that case to determine the underlying facts of a previous conviction when the defendant fails to object to the PSR's findings" in order to ascertain whether a defendant's prior offense constituted a "crime of violence." 507 F.3d at 156.[2]

---

[2]*Rosa* is an ACCA case, and thus the *Rosa* court was tasked with determining whether a prior offense constituted a "violent felony," not a "crime of violence." However, as noted in footnote 1, the ACCA's definition of "violent felony" and U.S.S.G. § 4B1.2(a)'s definition of "crime of violence" are identical in all material respects.

The government urges us to hold that such reliance is proper. In support of its argument, the government contends that uncontested descriptions of the circumstances underlying prior convictions found in a PSR are similar to the sources enumerated by the *Shepard* Court. It also points out that use of those descriptions does not implicate the collateral trial or fairness concerns that animate the limits inherent in the modified categorical approach. Further, the government claims that reliance on an uncontested portion of the PSR is permissible because it is well established that undisputed portions of the PSR may be accepted as fact by a sentencing court.

We have little trouble concluding that a sentencing court may not rely on a PSR's description of a defendant's pre-arrest conduct that resulted in a prior conviction to determine that the prior offense constitutes a "crime of violence" under U.S.S.G. § 4B1.2(a)(1), even where the defendant does not object to the PSR's description. It is true, as the government notes, that collateral trial concerns are not implicated by that reliance. But collateral trial concerns are not the only concerns animating the modified categorical approach. U.S.S.G.

§ 4B1.1's language clearly focuses on the defendant's *conviction*, not the defendant's conduct in a particular case. *See Taylor*, 495 U.S. at 600-01 (interpreting nearly identical language in the ACCA).

It is impossible on this record to know whether Reyes's conviction *necessarily* rested on the "intentionally strikes" or "intentionally causes bodily harm" prongs–rather than the "intentionally touches" prong–of the battery statute. At most, the PSR's description tells us what Reyes did, not the specific provision of the Florida statute for which he was convicted. Even if Reyes did punch the corrections officer in the face, he could have pleaded guilty to battery on a law enforcement officer by simply admitting that he touched the corrections officer in an unwanted manner. If that were the case, the conviction would rest on facts not involving the "use of physical force" and thus the offense would not be a "crime of violence" under the Guidelines. *See Johnson*, 130 S. Ct. at 1269-73. For this reason, reliance on the PSR's uncontested description of pre-arrest conduct that resulted in a defendant's prior conviction to determine whether that prior conviction constitutes one for a crime of violence is improper.

The district court's error in sentencing Reyes as a career offender on this record affected his substantial rights because it resulted in an elevated offense level under the Guidelines. We must vacate the sentence imposed by the district court and remand for proceedings consistent with this opinion. On remand, the district court shall provide the government with an opportunity to introduce evidence demonstrating that Reyes's battery conviction was a "crime of violence" under U.S.S.G. § 4B1.2(a).[3]

---

[3]The easiest way, and the only one explicitly approved by our case law, for the government to prove the nature of Reyes's prior battery conviction on remand is to use *Shepard*-approved sources. We leave for another day the question of whether *Shepard*-approved sources are the only kinds of evidence that may be introduced for such a purpose, or whether the parties may stipulate (either explicitly or by failing to object) to the nature of a prior conviction for Guidelines purposes. *See,* e.g., *United States v. Aviles-Solarzano*, 623 F.3d 470, 475 (7th Cir. 2010) (suggesting that parties may stipulate to the nature of a defendant's prior conviction for Guidelines purposes).

In the event that the government is unable to establish that the career offender enhancement under U.S.S.G. § 4B1.1(a) is warranted (and thus Reyes's offense level is not automatically elevated to level 34), we note that the PSR incorrectly applied separate enhancements under U.S.S.G. § 2B3.1(b)(2)(E) for brandishing a dangerous weapon and U.S.S.G. § 2B3.1(b)(2)(F) for making a death threat during the offense. Only one enhancement under U.S.S.G. § 2B3.1(b)(2) may be employed. *See United States v. Triplett*, 104 F.3d 1074, 1082 (8th Cir. 1997); *United States v. Farrier*, 948 F.2d 1125, 1127 (9th Cir. 1991); *see also United States v. Murray*, No. 97-6735, 1999 WL 187192, at *4 (4th Cir. Apr. 6, 1999) (unpublished).

A final point. Although a sentencing court may not rely on a PSR's description of pre-arrest conduct that resulted in a prior conviction to determine whether that prior conviction constitutes a crime of violence under the Guidelines, a sentencing court can consider that conduct under 18 U.S.C. § 3553(a) when fashioning the defendant's sentence. Such conduct may be probative of the "history and characteristics of the defendant." 18 U.S.C. § 3553(a).

## Conclusion

The district court's judgment of April 12, 2010, which sentenced the defendant to 188 months' imprisonment, is hereby VACATED. The case is REMANDED for resentencing proceedings consistent with this opinion.