12-3131-cr
United States v. Kevin Mills

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand thirteen.

Present:
> PIERRE N. LEVAL,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                             No. 12-3131-cr

KEVIN MILLS,

> *Defendant–Appellant*.

---

FOR APPELLANT:          Marsha R. Taubenhaus, Law Offices of Marsha R. Taubenhaus, New York, NY.

FOR APPELLEE:           Robert M. Spector, Assistant United States Attorney (Joseph Vizcarrondo, Special Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, Acting United States Attorney for the District of Connecticut.

---

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the verdict is AFFIRMED, but the matter is REMANDED for reconsideration of the sentence.

Defendant-Appellant Kevin Mills appeals from a judgment of conviction entered following a trial by jury, in which Mills was found guilty of one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to a 15-year term of imprisonment and a 5-year term of supervised release based on a combination of prior convictions for violent crimes and drug offenses. On appeal Mills challenges the sufficiency of the government's proof that he knowingly and intentionally possessed a firearm. He also argues the district court erred in sentencing him pursuant to the ACCA, asserting that the application of the law to him was procedurally flawed, that he did not have three qualifying predicate convictions, and that the sentence imposed violated the Eighth Amendment. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

When reviewing a challenge to the sufficiency of the evidence, "[w]e will not disturb the conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Greer*, 631 F.3d 608, 613 (2d Cir. 2011) (internal quotation marks omitted); *see also United States v. Gaines*, 295 F.3d 293, 299–300 (2d Cir. 2002).

Mills was found in the front passenger seat of a vehicle carrying him and three other suspects immediately after a high-speed pursuit by law enforcement ended with the crash of the

2

vehicle.  In attending to Mills, who was unconscious at the time, the officers discovered a shotgun "wedged in between [Mills's] legs."

Mills contended that it was only as a result of the high-speed crash that the gun dislocated to the position where the officers found it.  Reviewing this record as a whole and drawing all inferences in favor of the government, we hold that a jury could reasonably conclude that prior to the accident Mills had possession of the shotgun.  Any argument that this firearm somehow ended up in its location beside Mills as a result of the accident was for the jury to resolve.  *See, e.g.*, *United States v. Payton*, 159 F.3d 49, 55–56 (2d Cir. 1998); *see also United States v. Lewter*, 402 F.3d 319, 322-323 (2d Cir. 2005).  The evidence presented at trial was sufficient to support Mills's conviction for violation of 18 U.S.C. § 922(g)(1).

With respect to the sentence imposed pursuant to the ACCA, 18 U.S.C. § 924(e), "[w]e review de novo all questions of law relating to the district court's application of a federal sentence enhancement."  *United States v. Beardsley*, 691 F.3d 252, 257 (2d Cir. 2012).  To determine if a prior conviction constitutes a violent felony for purposes of imposing an enhanced sentence under § 924(e), courts apply a categorical approach to determine "whether the *elements of the offense* are of the type that would justify its inclusion within the residual provision" of section 924(e)(2)(B)(ii).  *United States v. Baker*, 665 F.3d 51, 54 (2d Cir. 2012) (internal quotation marks and citation omitted).  When the statutory offense includes both violent and nonviolent felonies "in distinct subsections or elements of a disjunctive list," we "undertake a limited inquiry into which part of the statute the defendant was convicted of violating . . . ."  *Id.* at 55 (internal quotation marks and citation omitted).  Application of this modified categorical approach is limited to considering "'particular documents that can identify the underlying facts of a prior conviction *with certainty*.'"  *Id.* (quoting *United States v. Rosa*, 507 F.3d 142, 161 (2d Cir. 2007)).  "The questions of what documents a district court may rely on to determine the

nature of a prior conviction and of the scope of a district court's authority to make factual findings are questions of law, which we review *de novo*." *Rosa*, 507 F.3d at 151 (citation omitted).

Mills argues that, in determining whether his prior convictions were cognizable as predicates for his ACCA sentence, the district court did not examine or rely on permissible sources of information as dictated by *Shepard v. United States*, 544 U.S. 13, 26 (2005), which would allow the court to reach the conclusion that Mills was an armed career criminal. He asserts it was error for the court to rely on the presentence report ("PSR") alone in handing down his sentence. *See United States v. Reyes*, 691 F.3d 453, 459 (2d Cir. 2012). In response the government asserts, *inter alia*, that Mills failed to preserve the objections he now advances, that his attorney conceded Mills was an armed career criminal, and that the PSR's findings of fact, backed up by the transcript of Mills's June 2005 guilty plea, supported the district court's determination that Mills should be sentenced as an armed career criminal.

The district court engaged Mills and his counsel in a discussion of Mills's prior state convictions during an *ex parte* proceeding. Throughout the *ex parte* proceeding Mills repeatedly challenged the bases for his classification as an armed career criminal on the ground that the prior state charges were not, in his view, violent felonies. Even though Mills may have backed away from his objections, there is no question that his attorney preserved those objections, stating to the court that "just for appellate purposes" Mills's "objection to ACCA is not waived." On the record before us, therefore, Mills's objection to being sentenced under the ACCA is preserved for appeal.

We now examine both the sources of information and the manner by which the district court analyzed that information to reach its conclusion that Mills is an armed career criminal. At oral argument, the government, having supplemented the record on appeal with certified copies

4

of documents from ostensibly relevant state court proceedings, invited this Court to engage in our own analysis of the state proceedings to determine that Mills's state convictions are adequate predicates for imposition of his sentence under the ACCA. This we will not do in the first instance. The government, having sought to have Mills sentenced as an armed career criminal, bears the responsibility of presenting in the district court evidence cognizable under *Shepard* and related cases to support imposition of an ACCA sentence. *Rosa*, 507 F.3d at 151. In analyzing such evidence, the district court is required to employ a categorical or modified categorical approach to determine if, and how many of, Mills's prior convictions may be counted as predicate felonies under 18 U.S.C. § 924(e)(1). *See Baker*, 665 F.3d at 54-55. We note that, to the extent the district court relies on Mills's assault convictions under Conn. Gen. Stat § 53a-167c, our decisions in *United States v. Brown*, 629 F.3d 290, 295 (2d Cir. 2011), and *Canada v. Gonzales*, 448 F.3d 560, 568 (2d Cir. 2006), require that those offenses be analyzed under the modified categorical approach. The district court failed to analyze competent evidence of Mills's state court convictions and explain its rationale for determining that Mills was an armed career criminal. Accordingly, we direct the district court to conduct the required inquiry and make a determination based on appropriate sources whether Mills was properly sentenced under the ACCA. If not, the district court should vacate the judgment and impose a new sentence.

For the reasons stated, the verdict is **AFFIRMED**, but the matter is **REMANDED** for reconsideration of the sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5