14-4322-cr
United States v. Rolle

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand fifteen.

PRESENT: AMALYA L. KEARSE,
REENA RAGGI,
RICHARD C. WESLEY,
*Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                          No. 14-4322-cr

LAMONT ROLLE, AKA Anthony Rolle,
AKA Bam,

*Defendant-Appellant.*

-----------------------------------------------------------------

APPEARING FOR APPELLANT:     COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

APPEARING FOR APPELLEE:      MARGARET GARNETT, Assistant United States Attorney (Tatiana R. Martins, Kan M. Nawaday, Brian A. Jacobs, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 19, 2014, is AFFIRMED.

Defendant Lamont Rolle stands convicted after a jury trial of the conspiratorial and substantive Hobbs Act robbery of Sue Ann Musto-Johns on November 12, 2013. See 18 U.S.C. § 1951.[1] Rolle argues on appeal that (1) erroneous evidentiary rulings denied him a fair trial, and (2) procedural errors render his 162-month prison sentence unreasonable. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Evidentiary Rulings

We review a district court's challenged evidentiary rulings, including those limiting the scope of cross examination, for abuse of discretion. See United States v. White, 692 F.3d 235, 244 (2d Cir. 2012). Even where we identify abuse, we will nonetheless affirm if the error was harmless. See id.

a.      Limitations on Cross-Examination

Although the Confrontation Clause gives a defendant the right not only to cross-examination, but to effective cross-examination, a district court may impose reasonable limits on cross-examination to protect against harassment, prejudice, confusion, and waste. See United States v. James, 712 F.3d 79, 103 (2d Cir. 2013).

---

[1] The jury acquitted Rolle of brandishing a firearm during and in relation to the robbery offense. See 18 U.S.C. § 924(c)(1)(A)(ii).

## 1. Cross-Examination Regarding Musto-Johns's Identifications

Musto-Johns twice identified Rolle as one of her two partially masked robbers. First, immediately after the robbery, she told Police Officer Padilla that she recognized the voice of one of her assailants but could not "put a name on it," J.A. 143; shortly thereafter, upon hearing Rolle's name, Musto-Johns told Officer Padilla "[t]hat's the voice that was in here," J.A. 144. Second, that same day, Musto-Johns's roommate, Maria Rodriguez, telephoned Rolle to allow Musto-Johns to hear his voice, at which time Musto-Johns "said it's him" while "pointing to the phone." J.A. 353. Rolle asserts that the district court erroneously limited cross-examination of several government witnesses that, he alleges, would have undermined both of these identifications.

Rolle first contends that he should have been permitted to elicit from either Musto-Johns or one of the police officers that a state grand jury had refused to indict an individual identified by Musto-Johns as the second robber. We disagree. Even if this grand jury decision indicated doubt as to the reliability of Musto-Johns's identification of the second robber—whom Musto-Johns identified during a show-up, but had not recognized during the robbery—that fact was minimally probative of her ability correctly to identify Rolle (by his voice), with whom she had met and spoken approximately five times before the robbery. Thus, the district court did not abuse its discretion in precluding cross-examination regarding the grand jury determination on the ground that the probative value of this evidence was outweighed by the danger of jury confusion regarding the grand jury process, particularly as it pertained to an individual other than Rolle.

3

Rolle further argues that he should have been allowed to elicit on cross-examination of Rodriguez that, prior to Musto-Johns's second identification of Rolle, she had accused Rodriguez of being involved in the robbery. Rolle maintains that the statement was not offered "to prove the truth of the matter asserted," Fed. R. Evid. 801(c), but rather to show Rodriguez's motive to encourage Musto-Johns to identify Rolle. Assuming the admissibility of the accusation on this ground, any error in its exclusion was harmless in light of other trial evidence establishing that same motive, including Musto-Johns's testimony that, at one time, she thought Rodriguez was involved with the robbery, and Officer Padilla's testimony that she brought Rodriguez in for questioning on the day of the robbery based on suspicion of her involvement. See United States v. Figueroa, 548 F.3d 222, 231 (2d Cir. 2008) (explaining that an error is harmless if, inter alia, "the testimony was cumulative"); see also United States v. Oluwanisola, 605 F.3d 124, 134 (2d Cir. 2010) (stating that court considers, inter alia, "extent to which the defendant was otherwise permitted to advance the defense" in determining harmlessness).

### 2. Exclusion of Text Messages

Rolle complains that he was not allowed to offer into evidence, on cross-examination of Rodriguez, certain text messages between himself and the witness on the day of the robbery. The argument fails because the district court properly concluded that Rolle's own out-of-court statements were inadmissible hearsay. See Fed. R. Evid. 801(a); United States v. Coplan, 703 F.3d 46, 84 (2d Cir. 2012) (holding that defendant's prior statements are hearsay and not admissible for truth of matter asserted when offered by defendant).

4

Insofar as Rolle asserts that the messages were admissible under Fed. R. Evid. 613(b) (permitting, in appropriate circumstances, "[e]xtrinsic evidence of a witness's prior inconsistent statement"), to impeach Rodriguez's testimony that she talked to Rolle by phone on the morning of the robbery about meeting at the Gun Hill subway stop, the text messages did not contradict Rodriguez's testimony. Cf. United States v. Trzaska, 111 F.3d 1019, 1025 (2d Cir. 1997) (identifying error in admission of witness's prior statements "not inconsistent" with testimony). Rodriguez admitted on cross-examination that she had been communicating with Rolle that morning about a potential drug deal. Although the text messages do not discuss a subway station meeting, Rodriguez's testimony on this point "augment[ed]" the text messages rather than impeached them. United States v. Leonardi, 623 F.2d 746, 756–57 (2d Cir. 1980) (concluding that memorandum was properly excluded at trial because "it was not inconsistent with the witness' trial testimony"). The district court therefore did not abuse its discretion in excluding this evidence.

b. Exclusion of Medical Records

Rolle also faults the district court's exclusion of one of Musto-Johns's medical records, which allegedly showed that she sustained no fractures in the robbery. Because this decision followed a balancing analysis under Fed. R. Evid. 403, our review is "highly deferential in recognition of the district court's superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice." United States v. Coppola, 671 F.3d 220, 244 (2d Cir. 2012) (internal quotation marks omitted). The district court determined that, to the extent the records could be read to

indicate that Musto-Johns did not fracture a rib during the robbery, they were nevertheless more confusing than probative without a testifying witness to explain their significance, particularly as there was no dispute that Musto-Johns was injured to some degree during the crime. See J.A. 498. Insofar as the records were arguably inconsistent with Musto-Johns's testimony regarding the extent of her injuries, the district court observed that she had already been impeached more directly about the crime. The decision to preclude further impeachment as to the degree of injury through the use of potentially confusing documents was not an abuse of discretion.

In any event, any error was harmless in light of the overall strength of the government's case. See Fed. R. Crim. P. 52(a); United States v. Figueroa, 548 F.3d at 231. Musto-Johns's identification of Rolle as one of the robbers was corroborated by evidence (1) placing Rolle's cell phone (and implicitly, Rolle) in the vicinity of Musto-Johns's apartment at the time of the robbery; (2) showing pictures on Rolle's cell phone of a large amount of cash, taken shortly after the robbery; and (3) establishing that the serial numbers on several hundred-dollar bills recovered from Rolle's apartment matched numbers on hundred-dollar bills stolen from Musto-Johns, of which she had taken a picture several weeks before the robbery. Moreover, although the testimony of Musto-Johns and Rodriguez was of central importance to the government's case, making cross-examination important, Rolle in fact was permitted to conduct a wide-ranging cross-examination of both witnesses.

Accordingly, Rolle's challenges to the district court's evidentiary rulings do not warrant reversal.

2.    Sentencing Challenge

We review Rolle's sentence for "reasonableness," which is "a particularly deferential form of abuse-of-discretion review." United States v. Cavera, 550 F.3d 180, 187–88 & n.5 (2d Cir. 2008) (en banc).

Rolle argues that procedural errors rendered his sentence unreasonable: (1) application of the U.S.S.G. § 2B3.1(b)(3)(B) enhancement for "serious bodily injury," and (2) reliance on acquitted conduct and an unsubstantiated arrest report in imposing a sentence at the top of his 130-to-162 months Guidelines range. We review the district court's findings of fact relevant to its Guidelines calculation for clear error, and its construction of the Guidelines de novo. See United States v. Awan, 607 F.3d 306, 312 (2d Cir. 2010).

In faulting the district court's finding that Musto-Johns suffered serious bodily injury during the robbery, Rolle fails to acknowledge that we must "view the evidence the light most favorable to the [g]overnment." United States v. Johnson, 378 F.3d 230, 238 (2d Cir. 2004); see United States v. Guang, 511 F.3d 110, 123–24 (2d Cir. 2007). When we so view Musto-Johns's trial testimony and hospital records, we conclude that the district court reasonably found that, as a result of being assaulted during the robbery, Musto-Johns's "[h]ead was bleeding," her "face was covered in blood," she was hospitalized for ten days, and she was prescribed strong pain medication and a neck brace. J.A. 811. These findings satisfy "serious bodily injury" for purposes of a § 2B3.1(b)(3)(B) enhancement. See U.S.S.G. § 1B1.1 cmt. n.1(L) (defining "serious

7

bodily injury" to include, among other things, "injury . . . requiring medical intervention such as . . . hospitalization").

The record belies Rolle's claim that the district court improperly considered an offense for which he was acquitted. See J.A. 811 ("With respect to the acquitted conduct, I am aware of my ability to count the acquitted conduct but decline to do so."). Nor did the district court err in considering the Presentence Investigation Report's ("PSR") account of Rolle's prior convictions—some of which were for conduct similar to that at issue in this case—in imposing a within-Guidelines sentence of 162 months' imprisonment. "Although a sentencing court may not rely on a PSR's description of pre-arrest conduct that resulted in a prior conviction to determine whether that prior conviction constitutes a crime of violence under the Guidelines, a sentencing court can consider that conduct under 18 U.S.C. § 3553(a) when fashioning the defendant's sentence." United States v. Reyes, 691 F.3d 453, 460 (2d Cir. 2012).[2]

In sum, no procedural error raises concern about the reasonableness of Rolle's sentence.

---

[2] Because we conclude that the district court committed no error in considering these prior convictions under 18 U.S.C. § 3553(a), we need not decide whether our review is limited to plain error, as urged by the government.

8

3.      Conclusion

We have considered Rolle's remaining arguments and conclude they are without

merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court