20-1678-cr
*United States v. Stewart*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-one.

PRESENT:   JOHN M. WALKER, JR.,
           DENNY CHIN,
                   *Circuit Judges*,
           PAUL A. ENGELMAYER,
                   *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                   *Appellee*,

        -v-                                    20-1678-cr

KOREY STEWART, AKA COREY ADAMS, AKA
CORETHIOUS PATRICK BRYANT, AKA KEITH
YOUNG, AKA STEVEN ALLEN, AKA SKIP, AKA
GUTTA, AKA SLIM, AKA DASH,

---

* Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendant-Appellant.*[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                          SPENCER WILLIG, Assistant United States
                                       Attorney (Gregory L. Waples, Assistant United
                                       States Attorney, *on the brief*), *for* Jonathan A.
                                       Ophardt, United States Attorney for the
                                       District of Vermont, Burlington, Vermont.

FOR DEFENDANT-APPELLANT:                CLINTON W. CALHOUN III, Calhoun &
                                       Lawrence, LLP, White Plains, New York.


Appeal from the United States District Court for the District of Vermont
(Reiss, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Korey Stewart appeals the district court's judgment

entered May 26, 2020, convicting him of conspiracy to distribute heroin, fentanyl,

cocaine, and cocaine base and conspiracy to commit money laundering, and sentencing

him principally to a term of 110 months' imprisonment.  Stewart pleaded guilty to the

two charges, but he reserved his right to appeal the district court's February 8, 2019

opinion and order denying his motion to suppress evidence and its November 20, 2019

opinion and order denying his motion to suppress evidence and dismiss the relevant

---

[**]      The Clerk of the Court is respectfully directed to amend the official caption to conform
to the above.

2

indictment. On appeal, Stewart argues that the district court erred in (1) denying his motion to suppress evidence relating to his arrest because Drug Enforcement Administration ("DEA") agents lacked probable cause to arrest him, (2) denying his motion to dismiss the indictment and suppress evidence because of the delay between his arrest and being charged presented in court, and (3) assigning him to Criminal History Category VI for purposes of sentencing. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I.      The Motion to Suppress for Lack of Probable Cause

"In reviewing a district court's ruling on a suppression motion, we review factual findings for clear error and questions of law *de novo*." *United States v. Reyes*, 353 F.3d 148, 151 (2d Cir. 2003).

Stewart argues that the district court erred in finding that his arrest was supported by probable cause, and therefore the arrest and evidence seized as a result should have been suppressed. We disagree.

An informant provided a detailed description of a man named "T," and she explained that T and another black male from out of state named "Skip" often came to her apartment to collect money derived from the informant's drug sales. The informant also explained that she paid a woman named "Amber" in connection with the drug-dealing business, and, during a lawful search of the informant's apartment, agents found a TD Bank receipt from a deposit into Amber's account. Contemporaneous with

the search of the informant's apartment, a DEA agent observed a Volvo matching the unique description that the informant provided for T's vehicle -- a white Volvo missing a front license plate and having an out-of-state rear license plate -- drive down a dead-end street and park in a half-full, twenty-car parking lot at the informant's apartment complex. Less than two minutes later, and before the Volvo could park, a Nissan drove down the same dead-end street and parked two-car widths away from the Volvo. Those were the only two cars that drove toward the dead-end or parked in that lot while the agents were on the scene, and Stewart, a black male who was in the second car with a woman, acknowledged that the Volvo and Nissan were "traveling together." App'x at 322. For approximately two to three minutes, the cars sat idling in the parking lot with their headlights on, and no one exited either car. The agent outside of the informant's building who had seen the cars approach and park relayed his observations to the agents inside of the informant's building, and those agents put on their tactical gear and approached the cars with their guns drawn. The agents ordered the driver of the Nissan out of the car, and within twenty seconds, she identified herself as "Amber." The agents also arrested Stewart at that time, who was seated in the front passenger's seat of the Nissan. Taking these facts together, we agree with the district court that the agents had probable cause to arrest Stewart. *See United States v. Delossantos*, 536 F.3d 155, 158 (2d Cir. 2008) ("Probable cause exists where the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to

4

warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." (internal quotation marks omitted)). We are not persuaded by Stewart's argument that his presence could have easily been explained as that of an innocent passenger. It is unlikely that "Amber," accompanied by "T" in the white Volvo, would have brought along a complete stranger to the conspiracy during the commission of that crime rather than a trusted co-conspirator.

Stewart also challenges the reliability of the informant, but that argument is rejected. The informant told agents that she had drugs and evidence of her involvement in drug dealing in her home, which the agents found after conducting a search of her apartment. Even though the informant had not previously provided information to the agents, she had many of the hallmarks of reliability. *See United States v. Gagnon*, 373 F.3d 230, 235 (2d Cir. 2004) (in determining reliability, courts can consider whether informant provided information that is independently corroborated); *United States v. Rowell*, 903 F.2d 899, 903 (2d Cir. 1990) (informant's reliability is buttressed by a statement against penal interest); *see also United States v. Salazar*, 945 F.2d 47, 50-51 (2d Cir. 1991) ("[T]hough the informant in the present case had not previously been relied on by the officers, a face-to-face informant must, as a general matter, be thought more reliable than an anonymous telephone tipster, for the former runs the greater risk that [she] may be held accountable if [her] information proves false."); *United States v. Gaviria*, 805 F.2d 1108, 1115 (2d Cir. 1986) ("[A] witness to a crime need

*not* be shown to have been previously reliable before the authorities may rely on [her] statements." (internal quotation marks omitted)).

Accordingly, because the district court did not clearly err in concluding that the informant was reliable and that the agents had probable cause to arrest Stewart based on information provided by the informant as well as their own observations, we affirm the district court's denial of Stewart's motion to suppress.

## II.     The Motions Based on Delay

Stewart, *pro se*, moved to dismiss his indictment on timeliness grounds pursuant to Federal Rules of Criminal Procedure 5 and 48(b) and pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*  We review the district court's denial of Stewart's Rule 48(b) motion for abuse of discretion, *see United States v. Lane*, 561 F.2d 1075, 1078 (2d Cir. 1977), and we review *de novo* Stewart's Rule 5 and Speedy Trial Act claims, *see United States v. Rojas*, 617 F.3d 669, 677 (2d Cir. 2010); *United States v. Paredes-Batista*, 140 F.3d 367, 374 (2d Cir. 1998).

For substantially the reasons set forth by the district court, we agree that Stewart's *pro se* motions lacked merit.  Stewart was arrested on August 27, 2015, and released approximately two hours later.  No charges were brought against him until March 2018, and he argues that the government unnecessarily delayed charging him, and thus the district court should have dismissed his indictment under Rule 48(b).  But "prosecutors are under no duty to file charges as soon as probable cause exists but

6

before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt." *United States v. Lovasco*, 431 U.S. 783, 791 (1977). Further, "there is an absence of prejudice [on account of the delay] shown by this record," *United States v. Feinberg*, 383 F.2d 60, 67 (2d Cir. 1967); *see Lovasco*, 431 U.S. at 796 ("[T]o prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time."). Accordingly, the district court did not abuse its discretion in declining to dismiss Stewart's indictment pursuant to Rule 48(b).

Next, we reject Stewart's argument that his rights under the Speedy Trial Act were violated by the months-long delay between his arrest and being charged. While the Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested," 18 U.S.C. § 3161(b), we have held that "when an individual is promptly released from federal custody without the Government filing formal charges, there is no 'arrest' within the meaning of [§] 3161(b)." *United States v. Bloom*, 865 F.2d 485, 490 (2d Cir. 1989) (alteration and internal quotation marks omitted). Accordingly, the district court properly denied Stewart's Speedy Trial Act claim.

Finally, the district court properly rejected Stewart's argument that the delay between his arrest and being charged violated Federal Rule of Criminal

7

Procedure 5(a) and (b).  Because Stewart was released shortly after his arrest and not charged with any crime, Rule 5 does not apply here.  *See United States v. Gowadia*, 760 F.3d 989, 994 (9th Cir. 2014) ("[T]he only persons required to be brought before the magistrate judge are those charged with offenses against the laws of the United States . . . . " (internal quotation marks omitted)); *United States v. Jones*, 676 F.2d 327, 331 (8th Cir. 1982) ("Nothing in rule 5, however, precludes the outright release of a person shortly after the arrest as was the case here.").  Further, because Stewart failed to make a showing that there was any "evidence illegally obtained as a result of the [Rule 5] violation," beyond his conclusory assertions to that end, even if his procedural rights were violated, that violation was harmless.  *United States v. Peeples*, 962 F.3d 677, 686 (2d Cir. 2020).

### III.    Stewart's Challenge to His Sentence

We review Stewart's unpreserved challenge to the procedural reasonableness of his sentence for plain error.  *United States v. Reyes*, 691 F.3d 453, 457 (2d Cir. 2012).  Stewart argues that the district court erred in calculating his criminal history category.  We disagree.

Stewart acknowledges that he is a "Career Offender" under U.S.S.G. § 4B1.1(a).  But he argues that section 4B1.1(b) does not apply to him.  This argument is rejected, as that provision unambiguously provides that "[a] career offender's criminal

8

history category in every case under this subsection shall be Category VI."  U.S.S.G.

§ 4B1.1(b).

*    *    *

We have considered Stewart's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk